Perry **FIELDS**, Plaintiff–Appellant,

v.

**FARMERS INSURANCE COMPANY, INC.; Government Employees Hospital Association, Defendants–Appellees.**

No. 93–6218.

United States Court of Appeals, Tenth Circuit.

Feb. 23, 1994.

Todd Markum, Oklahoma City, Oklahoma, and Rex K. Travis and Mary A. Travis, Oklahoma City, Oklahoma, for Plaintiff–Appellant.

Randy D. Witzke of Edmonds, Cole, Hargrave, Givens & Witzke, Oklahoma City, Oklahoma, for Defendant–Appellee Farmers Insurance Company, Inc.

James A. Jennings III and Elizabeth J. Bradford, of Holloway Dobson Hudson & Bachman, Oklahoma City, Oklahoma, for Defendant–Appellee Government Employees Hospital Association.

Before ANDERSON and EBEL, Circuit Judges, and WINDER,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

Plaintiff appeals from two orders of the district court granting judgment in favor of defendants, Farmers Insurance Co. (Farmers) and Government Employees Hospital Association (GEHA). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

Plaintiff incurred serious injuries in an automobile accident on April 7, 1991. The negligence of a third party caused the accident. Plaintiff received $50,000 from the third party's liability insurer, Allstate Insurance Co. Plaintiff also received $30,000 in uninsured motorist coverage from his own automobile insurer, Farmers. GEHA, plaintiff's health insurer, paid nearly $100,000 of medical bills incurred by plaintiff as a result of the accident. Plaintiff filed this diversity action, alleging that Farmers must pay $550,000, not just $30,000, in uninsured motorist coverage because it failed to offer the higher uninsured motorist coverage in the manner required by the governing Oklahoma statute, Okla.Stat. tit. 36, § 3636.[2] Plaintiff also

---

* Honorable David K. Winder, Chief Judge, United States District Court for the District of Utah, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Plaintiff also asked for a declaratory judgment preventing Farmers from taking subrogation

against him until he has been fully compensated. In supplemental briefing, plaintiff and Farmers agree that this issue has been settled. Before the district court ruled on the summary judgment motions, Farmers and plaintiff stipulated that Farmers waived subrogation rights against the negligent third party who caused the accident. Farmers clarifies on appeal that it has waived *any* right or claim to subrogation.

sought a declaratory judgment that GEHA is not entitled to seek subrogation against plaintiff for any sums that plaintiff has recovered or may recover until plaintiff has been fully compensated for his losses. The district court entered summary judgment in favor of Farmers on the issue of uninsured motorist coverage and, sua sponte, entered judgment for GEHA on the subrogation issue.

### I. Uninsured Motorist Coverage

Oklahoma requires insurers to offer uninsured motorist (UM) coverage. Okla.Stat. tit. 36, § 3636(B). An insurer must inform an insured of the right to purchase UM coverage in an amount equal to an insured's bodily injury liability coverage. *Id.* A 1990 amendment to the governing statute requires the offer of coverage to be made on a specified form, set out in the statute. § 3636(H). The form strongly recommends that insureds purchase UM coverage up to the limits of their bodily injury coverage, explains the purpose of UM coverage, and fully informs insureds of the choices they may make regarding the coverage. *Id.* The statute mandates that "[e]ach existing policyholder shall receive the ... [specified form] no later than the next policy renewal following the phase-in period." § 3636(I). The phase-in period ran from September 1, 1990, to August 31, 1991. *See id.*

■ It is undisputed that Farmers, using the specified form, offered plaintiff increased UM coverage on June 4, 1991. The district court found that Farmers complied with the statute because it provided plaintiff with the specified form on June 4, 1991. "We review the grant or denial of summary judgment de novo." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). Our review of the district court's interpretation of state law is also de novo. *Salve Regina College v. Russell,* 499 U.S. 225, 231, 111 S.Ct. 1217, 1220–21, 113 L.Ed.2d 190 (1991).

■ Plaintiff argues on appeal that the statute requires insurers to offer increased UM coverage on the first policy renewal date after the statute's effective date.[3] He concedes that insurers have until the next policy renewal following the phase-in period to send the specified form to existing policy holders. According to plaintiff, insurers, nonetheless, have an obligation to offer increased UM coverage for renewals during the phase-in period, but they are not required to offer the coverage on the specified form. We hold that under the circumstances of this case, Farmers was not required to offer increased UM coverage on the first policy renewal date after the statute's effective date.

The record shows that plaintiff purchased three automobile insurance policies from Farmers, selecting UM limits of $10,000 per person, $20,000 per occurrence on each policy. In 1989, Farmers offered plaintiff the option to purchase increased UM coverage on each policy. Plaintiff concedes that he rejected the offer in writing.

■ The UM statute provides that insurers are not required to offer increased UM coverage in a renewal policy when the insured has previously rejected the coverage in connection with the same policy. § 3636(F).

> After selection of limits, rejection, or exercise of the option not to purchase uninsured motorist coverage by a named insured or applicant for insurance, the insurer shall not be required to notify any insured in any renewal, reinstatement, substitute, amended or replacement policy as to the availability of such uninsured motorist coverage or such optional limits.

§ 3636(G). Subsequent to plaintiff's 1989 rejection of the option to purchase increased UM coverage, plaintiff made no material changes to the policies which would have triggered Farmer's obligation to offer UM coverage when it reissued plaintiff's policies on December 4, 1990. *See id.* (delineating circumstances that require a new offer of UM coverage); *see also Beauchamp ex rel. Beauchamp v. Southwestern Nat'l Ins. Co.,* 746 P.2d 673, 676 (Okla.1987) (explaining that

---

**3.** The statute became effective on September 1, 1990. Plaintiff's policies renewed on December 4, 1990, and every six months thereafter.

for renewals, insurers need not offer UM coverage).

■ Furthermore, none of the 1990 amendments on which plaintiff relies required Farmers to offer increased UM coverage when it issued the renewal policies on December 4, 1990. Subsection H of the statute requires insurers to use a specified form set forth in that subsection when offering UM coverage. § 3636(H). Subsection I of the statute requires insurers to provide all existing policyholders with "the notice provided in subsection H." § 3636(I). As the district court noted, "[s]ection 3636(I) unambiguously requires that insurance companies offer higher [uninsured motorist] coverage by a date certain." Appellant's App. at 72 n. 2.[4] That date is "the next policy renewal following the phase-in period." § 3636(I). Farmers sent plaintiff the specified form during the phase-in period. The statutory language simply does not support plaintiff's argument that Farmers should have offered increased UM coverage sooner than it did. Therefore, we affirm the district court's grant of summary judgment to Farmers.

II. Subrogation

■ GEHA, pursuant to subrogation clauses in its health insurance policy, seeks reimbursement from sums plaintiff has recovered or may recover from the negligent third party. Plaintiff, whose damages exceed the amount he has recovered from the third party's insurer and from his own uninsured motorist coverage, claims that until he has been fully compensated for his injuries, GEHA's subrogation rights are unenforceable.

Ruling on plaintiff's motion for summary judgment, the district court found that GEHA's entitlement to subrogation "is governed by settled Oklahoma law, which provides that a health insurer is entitled to recover from its insured the proceeds collected from a tortfeasor or its insurer." Appellant's App. at 74–75 (footnote omitted). The court denied plaintiff's motion for summary

judgment and, sua sponte, entered judgment for GEHA.

Plaintiff argues on appeal that no Oklahoma cases have addressed a health insurer's right to subrogation where the insured has not been fully compensated for his losses. Plaintiff urges this court to follow the "great body of law" that prohibits subrogation until an insured has fully recouped his losses. Finding no Oklahoma authority for modifying the unambiguous subrogation clauses in the contract, we affirm.

■ Interpretation of the insurance policy, which GEHA issued pursuant to its participation in the Federal Employees Health Benefits program, is governed by state law. See Howard v. Group Hosp. Serv., 739 F.2d 1508 (10th Cir.1984); see also Anderson v. Eby, 998 F.2d 858, 864 (10th Cir.1993) (applying Howard's test for determining whether federal law governs claims by third-party beneficiaries of government contracts). We must apply Oklahoma law as announced by the Oklahoma Supreme Court. See Daitom, Inc. v. Pennwalt Corp., 741 F.2d 1569, 1574 (10th Cir.1984). If the Oklahoma Supreme Court has not decided the issues presented by this case, we must "regard ourselves as sitting in diversity and predicting how the state's highest court would rule." Id.

The Oklahoma Supreme Court recently summarized the principles of interpretation that guide our analysis. "[U]nambiguous, clear and consistent ... [terms of an insurance contract] are to be accepted in their ordinary sense and enforced to carry out the expressed intention of the parties." Phillips v. Estate of Greenfield, 859 P.2d 1101, 1104 (Okla.1993). Furthermore, "parties to an insurance contract are at liberty to contract for insurance to cover such risks as they see fit and are bound by the terms of the contract and courts will not undertake to rewrite the terms thereof." Id.

Here, the insurance contract provides that GEHA will be subrogated from sums plaintiff has recovered or may recover from the negli-

---

4. The district court concluded that subsection I requires Farmers to offer plaintiff increased UM coverage on a subsection H form, even though no material changes had been made to the policy. We agree.

gent party. Specifically, the policy provides as follows:

SUBROGATION

Subrogation means the Plan's right to recover any of its payments (1) made because of any injury to you or your dependent caused by a third party and (2) which you or your dependent later recover from the third party or the third party's insurer.

SUBROGATION RIGHTS

If you or your dependent sustain an injury caused by a third party, the Plan will pay for the injury, subject to (1) the Plan being subrogated to any recovery or any right of recovery you or your dependent has against that third party, including the right to bring suit in your name; (2) your not taking any action which would prejudice the Plan's subrogation right; and (3) your cooperating in doing what is reasonably necessary to assist the Plan in any recovery. The Plan will be subrogated only to the extent of Plan benefits paid because of the injury.

Appellant's App. at 26.

Oklahoma courts have consistently upheld contractual subrogation clauses that provide for the insurer to be reimbursed from funds the insured collects from a tortfeasor or its insured. *See State Farm Fire & Casualty Ins. Co. v. Farmers Ins. Exch.*, 489 P.2d 480, 482 (Okla.1971); *Blocker v. National Discount Ins. Co.*, 493 P.2d 825, 826 (Okla.1972). Rejecting an insured's attempt to attack a subrogation clause on grounds it amounted to the assignment of a tort action, the Oklahoma Supreme Court stated that, "[i]n accepting the benefits of the policy [the insureds] are bound by the terms thereof." *State Farm Fire & Casualty Ins. Co.*, 489 P.2d at 482.

Neither party has cited, nor have we discovered, any Oklahoma cases addressing an insurer's right to contractual subrogation when the insured has not been fully compensated, or made whole, for his losses. Ad-

dressing a claim based on the doctrine of equitable subrogation—subrogation "not depending upon contract, but upon the equities of the parties," *Lawyers' Title Guar. Fund v. Sanders*, 571 P.2d 454, 456 (Okla.1977)—the Oklahoma Supreme Court recently rejected an insurer's claim for reimbursement before the insured had been fully compensated. *Gentry (L.Z.), d/b/a Gentry Enters., Inc. v. American Motorist Ins. Co.*, 867 P.2d 468 (Okla.1994). In *Gentry*, a theft loss incurred by the insured exceeded the amount the thief paid in restitution. The court ruled that the insurer could not reduce the benefit it paid its insured by the amount of restitution paid by the thief. *Id.*, at 473–474.

■ Thus, Oklahoma, like many jurisdictions, seems to follow the general principle that an insurer is not entitled to equitable subrogation until the insured has been fully compensated. *See, e.g., Shelter Ins. Cos. v. Frohlich*, 243 Neb. 111, 498 N.W.2d 74, 78 (1993) ("Generally, subrogation is unavailable until the debt owed to a subrogor has been paid in full"); *Shelter Mut. Ins. Co. v. Bough*, 310 Ark. 21, 834 S.W.2d 637, 641 (1992) (same); *Wimberly v. American Casualty Co.*, 584 S.W.2d 200, 204 (Tenn.1979) (same); *Garrity v. Rural Mut. Ins. Co.*, 77 Wis.2d 537, 253 N.W.2d 512, 514 (1977) (same). Some courts adopting the rule have explained that the rule is most consistent with principles of equity and justice upon which the doctrine of subrogation is based. *Rimes v. State Farm Mut. Auto. Ins. Co.*, 106 Wis.2d 263, 316 N.W.2d 348, 353 (1982); *Wimberly*, 584 S.W.2d at 203. One court has reasoned that "where either the insurer or the insured must to some extent go unpaid, the loss should be borne by the insurer for that is a risk the insured has paid it to assume." *Garrity*, 253 N.W.2d at 514.

Of those jurisdictions following the rule,[5] many allow the rule to be overridden by provisions in an insurance contract. *See, e.g., Shelter Ins. Co.*, 498 N.W.2d at 79; *Higginbotham v. Arkansas Blue Cross & Blue Shield*, 312 Ark. 199, 849 S.W.2d 464, 466–67 (Ark.1993); *Culver v. Insurance Co.*

---

5. It would be difficult to characterize the rule as "predominant, let alone universal." *Cutting v. Jerome Foods, Inc.*, 993 F.2d 1293, 1297 (7th Cir.), *cert. denied,* ―― U.S. ――, 114 S.Ct. 308, 126 L.Ed.2d 255 (1993).

*of N. Am.,* 115 N.J. 451, 559 A.2d 400, 402–04 (1989); *Hill v. State Farm Mut. Auto. Ins. Co.,* 765 P.2d 864, 868 (Utah 1988); *Garrity,* 253 N.W.2d at 515–16; *Peterson v. Ohio Farmers Ins. Co.,* 175 Ohio St. 34, 191 N.E.2d 157, 159 (1963); *but see Powell v. Blue Cross & Blue Shield,* 581 So.2d 772, 777 (Ala.1990) ("[A] prerequisite to the right of subrogation is the full compensation of the insured. In effect, an attempt to contract away this prerequisite ... would defeat the right itself."). As the Arkansas Supreme Court stated, "Without discounting the equitable properties of subrogation, we can conceive of no sound reason why broad principles of equity should be imbued with dominance over clear and specific provisions of a contract agreed to by the parties, at least where public policy considerations are wanting." *Higginbotham,* 849 S.W.2d at 466.

Here, the clear language of the insurance contract provides that GEHA shall be subrogated to *any* recovery that plaintiff receives from the negligent third party or its insurer. Plaintiff has not identified, nor have we discerned, public policies that would compel the Oklahoma court to disregard the clear and unambiguous subrogation provisions of this insurance contract. We conclude that if faced with this issue, the Oklahoma Supreme Court would enforce the subrogation provisions on grounds that parties to an insurance contract are free to modify general common law principles that would apply absent express contractual provisions.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.