MEMORANDUM OPINION

SMITH, United States Magistrate Judge,
Sitting as Presiding Judge with Consent of the Parties.
THIS MATTER having come for consideration upon Plaintiffs Motion to Remand, and the parties having consented, to proceed before a United States Magistrate, and an Order of Reference to the undersigned, United States Magistrate Leslie C. Smith, having been filed of record herein on September 5, 1996, and the Court having reviewed the pleadings and considered the arguments of the parties, and being otherwise well informed as to the matters at issue, has determined that Plaintiffs Motion to Remand is well taken and should be granted, as this *1536 Court does not have subject matter jurisdiction over this cause of action.

BACKGROUND

Plaintiff filed a Complaint for Declaratory Judgment against Defendants Lovelace Health Systems, Inc. et al. (hereinafter “Defendant”), in the Second Judicial District Court of the State of New Mexico (CV 96-5958), on June 11, 1996. On July 12, 1996, within thirty (30) days of receiving service of the Complaint, Defendant filed a Notice of Removal, averring that the federal district court had subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.[1] The Notice indicated that Plaintiffs claims are governed by federal regulations. The existence of this issue of federal law is the only basis for federal jurisdiction identified by Defendant. Concurrent with the Notice of Removal, Defendant filed an Answer in the federal district court action alleging four affirmative defenses, including that the contract at issue “is governed by the provisions of the Federal Acquisition Regulation and the Federal Employees Health Benefits Acquisition Regulation and thus, (sic) state law is preempted by the federal law governing the contract.” (Answer at 6-7). On August 15, 1996, Plaintiff filed a Motion to Remand on the ground that the federal district court does not have jurisdiction over Plaintiffs cause of action. (PL’s Motion to Remand at 3). Defendant’s Response to Plaintiffs Motion to Remand made no further reference to the Federal Acquisition Regulations, which have no bearing on the decision at issue. Cf, 48 C.F.R. Chapter 1 et seq.
The parties agree on the relevant facts. Plaintiff was injured in an automobile accident allegedly caused at least in part by the negligence of an uninsured motorist. (Pl.’s Compl., attached to Def.’s Notice of Removal as Ex. A, ¶ 11). Pursuant to a contract of insurance between Plaintiff and her automobile insurance carrier. Plaintiff was awarded uninsured motorist benefits in compensation for her injuries and resultant damages. (Compl., ¶ 19). While the parties disagree about the procedural status of Defendant’s claim against those benefits, they agree that Defendant claims a contractual or equitable subrogation right in the amount of $7,418.36, for medical expenses paid by Defendant due to Plaintiffs injuries suffered in the accident. (Compl., ¶¶ 14, 20, 26-27; Answer at 7). Defendant incurred these expenses because Plaintiff had selected Defendant’s medical plan as a benefit of her federal employment. Plaintiff and the federal government shared the cost for the plan.
Plaintiffs Complaint alleges that any contractual provision under which Defendant claims a subrogation interest in the proceeds of Plaintiffs award of uninsured motorist benefits is unconscionable (¶29), void as against public policy and contrary to state law regulating uninsured motorist insurance (¶ 31), and constitutes a contract of adhesion (¶35). Plaintiffs Complaint also seeks to distinguish subrogation rights arising from a claim against the negligent third party from rights arising from her uninsured motorist claim (¶37). Plaintiffs Complaint makes various other equitable and contractual allegations and arguments which are not central to the resolution of the question at issue.

ANALYSIS

The Supreme Court has not determined the existence or extent of federal question jurisdiction over private disputes relating to a contract subject to the Federal Employee Health Benefit Act (hereinafter “FEHB”). The Tenth Circuit has held that claims requiring interpretation of benefit provisions within FEHB contracts do not confer federal question jurisdiction, but has not addressed whether federal question jurisdiction exists where the plaintiff seeks a determination of the validity or applicability of a subrogation provision of a FEHB contract. Since the Tenth Circuit decided that federal district courts have no jurisdiction over a FEHB dispute, between private parties, several Supreme Court cases have found federal question jurisdiction over private party disputes *1537 based upon complete federal pre-emption, a doctrine not explored in the Tenth Circuit’s decision. To address the precise question presented, the restrictive nature of federal question jurisdiction recognized by the Tenth Circuit must be considered in light of the Supreme Court’s decisions supporting removal where a state law cause of action is completely pre-empted by applicable federal law.
A review of the case law from the Supreme Court and the Tenth Circuit demonstrates that federal question jurisdiction does not exist in this case. The cause must therefore be remanded to the State court for determination.
I. THE DISTRICT COURT’S REMOVAL JURISDICTION IS SUBJECT TO THE SAME RESTRICTIONS AS ORIGINAL FEDERAL JURISDICTION.
By statute, federal district court jurisdiction for removal of civil actions from state courts is identical to federal district court original jurisdiction. Where removal is based upon federal question jurisdiction, a federal question must be present on the face of the plaintiff’s well-pleaded complaint, or the complaint must state a cause of action that is essentially federal. A complaint will state an essentially federal cause of action where federal law is determined to completely preempt the state law claims plead. Where the complaint does not arise under federal law under either the well-pleaded complaint rule or the complete pre-emption doctrine, no federal question jurisdiction exists even if the only question in dispute is one of federal law. Each of these propositions is discussed in detail in the subsections that follow.
A To exercise removal jurisdiction pursu- • ant to 28 U.S.C. §§ 1331 and 1H1, the district court must have federal question jurisdiction over the action.
Title 28 U.S.C. § 1441 allows a defendant to remove a pending state civil action to the local federal district court if the federal district courts have original jurisdiction over the action. 28 U.S.C. § 1331 gives “original jurisdiction of all civil cases arising under the Constitution, laws or treaties of the United States” to the federal district courts. If an action involves both federal questions for which jurisdiction exists and state law questions for which the court lacks original jurisdiction, the district court may exercise pendent jurisdiction over the state law claims and determine all of the issues presented, or may exercise its discretion and remand “all matters in which state law predominates.” 28 U.S.C. § 1441. The determination of what civil cases arise under “the Constitution, laws or treaties of the United States” is the subject of extensive case law.

B. A cause of action arises under federal law when the well-pleaded complaint states a federal claim, or the state law cause of action is completely pre-empt-ed.

The Supreme Court has a duty to ensure that the jurisdiction of the inferior federal courts, “defined and limited by statute, is not exceeded.” Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 151, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). The Court has developed two primary doctrines to aid the federal courts in properly exercising this limited jurisdiction: the “well-pleaded complaint rule”, and the “complete pre-emption doctrine”.
1. Federal question jurisdiction arises when the plaintiffs well-pleaded complaint presents an issue of federal law.
“The “well-pleaded complaint rule’ is the basic principle marking the bounds of the federal question jurisdiction of the federal courts.” Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citation omitted). In Louisville & Nashville R.R., the Complaint plead issues of federal law in anticipation of a defense based upon federal law, but alleged a state law claim for breach of contract. 211 U.S. at 151, 29 S.Ct. at 43. The Supreme Court noted that the need to decide a federal question in order to make a final determination of a claim does not mean that the plaintiffs cause of action arises out of federal law, and is therefore insufficient to confer federal question jurisdiction. Id. The Supreme Court refused to decide any of the questions raised by the parties on appeal and on its *1538 own motion reversed the judgment and remanded the case to be dismissed for lack of jurisdiction. Id. at 153, 29 S.Ct. at 43-44.
The Supreme Court has continued to apply the well-pleaded complaint rule to find federal question jurisdiction lacking where a plaintiffs properly plead complaint does not present a federal question on its face. See e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 391, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987); Franchise Tax Board of Cal. v. Constr. Laborers Vacation Trust for So. Cal., 463 U.S. 1, 8, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983); Shelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950). A case may not be removed to federal court on the basis of a federal defense even if the defense is anticipated in the complaint and even if the parties agree that the federal defense is the only issue in dispute. Caterpillar, 482 U.S. at 391, 107 S.Ct. at 2429; Franchise Tax Board, 463 U.S. at 8, 103 S.Ct. at 2845-46; Skelly, 339 U.S. at 672, 70 S.Ct. at 879. An independent corollaiy to the well-pleaded complaint rule, “the artful pleading doctrine”, prevents plaintiffs from defeating removal “by omitting to plead necessary federal questions in a complaint”. Franchise Tax Board, 463 U.S. at 20, 103 S.Ct. at 2853.
2. Federal question jurisdiction exists where the plaintiffs state law cause of action is completely pre-empted by state law.
Because of the Supremacy Clause of Article VI of the United States Constitution, federal law may pre-empt state law issues raised by a plaintiffs complaint, or may completely pre-empt a plaintiffs state law cause of action. Where federal law completely preempts the plaintiffs state law cause of action, the complaint is considered to arise under federal law. Under those circumstances, federal question jurisdiction exists to support the defendant’s removal of the case to a federal district court even though the federal issues may be initially raised by way of the defendant’s answer.
a. The existence of a question of federal preemption does not confer removal jurisdiction.
The cases of Franchise Tax Board and Caterpillar involved applieátion of the preemption concept to the well-pleaded complaint rule. In Franchise Tax Board, the State of California levied a state income tax lien against money held in trust under the Employee Retirement Income Security Act (“ERISA”). 463 U.S. at 4, 103 S.Ct. at 2843-44. The defendant removed the action, raising ERISA preemption as a defense and characterizing plaintiffs complaint as an essentially federal cause of action. Id. at 20, 103 S.Ct. at 2851-52. The Supreme Court noted that ERISA may pre-empt state causes of action within the scope of ERISA’s provisions[2], but found that ERISA did not purport to reach a cause of action by a state government to enforce a tax levy. Id. at 25, 103 S.Ct. at 2854-55. No federal question jurisdiction existed, and the Case was therefore not removable to federal district court. Id. at 26, 103 S.Ct. at 2855.
Again applying the pre-emption concept in the context of removal jurisdiction, in Caterpillar the Supreme Court held that although federal labor laws[3] pre-empted state law claims within their scope, plaintiffs complaint stated a cause of action for breach of contract that did not rely upon or fall within the scope of the LMRA and was not pre-empted. 482 U.S. at 390-391, 107 S.Ct. at 2428-29. Citing Franchise Tax Board and describing complete pre-emption as a corollary to the well-pleaded complaint rule, the Court reaffirmed that “the presence of a federal question, even a [labor law] question, in a defensive argu *1539 ment does not overcome the paramount policies embodied in the well-pleaded complaint rule....” Id. at 398, 107 S.Ct. at 2433. Removal jurisdiction did not exist. Id. at 399, 107 S.Ct. at 2433.
b. Only complete federal pre-emption will provide federal question jurisdiction over state law claims.
As in this case, federal pre-emption is ordinarily raised as a defense to a suit. As in Franchise Tax Board and Caterpillar, a preemption defense will not normally satisfy the well-pleaded complaint rule. In certain cases, however, the Supreme Court has found that under the doctrine of “complete federal pre-emption” a plaintiffs allegations of a state cause of action fall within federal question and removal jurisdiction.
In Metropolitan, the Court analyzed a suit by a former employee against his former employer and its insurer, alleging breach of contract, retaliatory discharge and wrongful termination of his disability benefits. 481 U.S. at 60, 107 S.Ct. at 1544-45. The dispute was held to fall directly under specific provisions of ERISA providing an exclusive federal cause of action for resolution of disputes as to benefits. Id. at 62, 107 S.Ct. at 1545-46. Through detailed provisions regulating the area and explicitly providing for exclusive federal jurisdiction over disputes, Congress had completely pre-empted the area of law such that “any civil' complaint raising this select group of claims is necessarily federal in character.” Id. The Court cited 29 U.S.C. § 1132(f), comparing ERISA’s jurisdictional grant “without respect to the amount in controversy or the citizenship of the parties” to the comparable language in section 301 of the LMRA. Id. at 65, 107 S.Ct. at 1547. The Court also discussed the legislative history of the ERISA statute, quoting the Conference Report as noting that actions under ERISA “are to be regarded as arising under the laws of the United States in similar fashion to those brought under § 301 of the Labor-Management Relations Act of 1947.” Id. at 65-66, 107 S.Ct. at 1547, citing H.R. Conf.Rep. No. 93-1280, p. 327 (1974) U.S.Code Cong. & Admin.News 4639. This clear reference to the Court’s earlier ruling in Avco, 390 U.S. 557, 88 S.Ct. 1235, establishing complete pre-emption by the LMRA to support removal jurisdiction over a cause of action based upon state law, satisfied the Court that Congress intended to grant federal question and removal jurisdiction when ERISA raised a defense to the validity of the state cause of action. Id.
In a concurring opinion joined by Justice Marshall, Justice Brennan noted that the decision finding complete pre-emption under ERISA to support federal question and removal jurisdiction “should not be interpreted as adopting a broad rule that any defense premised on congressional intent to pre-empt state law is sufficient to establish removal jurisdiction.” Id. at 67-68, 107 S.Ct. at 1548. Justice Brennan cautioned that removal-jurisdiction would exist due to pre-emption only when “Congress has clearly manifested an intent to make causes of action ... removable to federal court.” Id. (citation omitted). In at least one case the deciding court has heeded this restriction and found federal preemption of state law which did not support removal to the federal district court. Hurt v. Dow Chemical Co., 963 F.2d 1142, 1144-1145 (8th Cir.1992) (holding that the fact that federal packaging laws pre-empted the state law at issue was insufficient to support federal question jurisdiction). Many other courts appear to have blurred the distinction between pre-emption and complete pre-emption. See e.g., infra, p. 1542 n. 8.
c. State law may be pre-empted because it conflicts with a unique federal interest.
Where a federal statute clearly indicates Congress’ intent to override a conflicting state law, the Supreme Court has readily found federal pre-emption. See, e.g., Jones v. Bath Packing Co., 430 U.S. 519, 530-532, 97 S.Ct. 1305, 1312-1313, 51 L.Ed.2d 604 (1977) (noting an explicit provision prohibiting states from imposing additional or different requirements); Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230-231, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947) (inferring an intent to pre-empt state law from the comprehensiveness of the federal regulatory scheme); Metropolitan, 481 U.S. at 62-63, 107 S.Ct. at 1546 (holding that Congress intended ERISA to completely pre-empt state law). A direct conflict between federal *1540 and state law has also provided the Court with a clear basis to find federal pre-emption. See, e.g., Hines v. Davidowitz, 312 U.S. 52, 66, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941) (finding state law interfered with Congress’ purpose). While the Supreme Court has been reluctant to find pre-emption without “a clear statutory prescription, or a direct conflict between state and federal law,” it has identified areas of “unique federal interest” where state law which conflicts even indirectly with those federal interests is pre-empted. Boyle v. United Technologies Corp., 487 U.S. 500, 503-504, 108 S.Ct. 2510, 2514, 101 L.Ed.2d 442 (1988) (citations omitted).
In Boyle the Court was presented with a diversity action for the wrongful death of a United States Marine who survived the crash of a helicopter, but was unable to escape the helicopter and drowned. 487 U.S. at 502, 108 S.Ct. at 2513. His estate won a judgment against the manufacturer, which had followed the military’s specifications as to the escape hatch design at issue. Id. at 509, 108 S.Ct. at 2517.
In determining that the suit involved ¿ unique federal interest requiring pre-emption of state tort law, the Supreme Court reviewed two areas it had previously found involved such interests: “the obligations to and rights of the United States under its contracts” and “civil liability of federal officials for actions taken in the course of their duty.” Id. at 505, 108 S.Ct. at 2514-15. The Court noted that the issue presented in Boyle was comparable to these two areas of federal interest as the plaintiff’s claims arose out of performance of a federal contract and “implicated the [federal government’s] interest in getting [its] work done.” Id. The Court distinguished Miree v. DeKalb County, 433 U.S. 25, 30, 97 S.Ct. 2490, 2494, 53 L.Ed.2d 557 (1977), in which it had determined that the federal government had no interest in a suit against a municipality despite the plaintiffs claims as third-party beneficiaries of a contract between the municipality and the Federal Aviation Administration. Id. at 506, 108 S.Ct. at 2515. The Court quoted its earlier description of the federal interest in the outcome of the suit in Miree as “far too speculative, far too remote a possibility to justify the application of federal law to transactions essentially of local concern.” Id., citing 433 U.S. at 32-33, 97 S.Ct. at 2495.
The Boyle Court found that the imposition of liability on Government contractors would directly affect the terms of the Government contracts: “either the contractor will decline to manufacture the design specified by the Government, or it will raise its price.” Id. at 507, 108 S.Ct. at 2516. The Court also found that there was a “significant conflict” between the law of Virginia and the unique federal interest in contracts for procurement of equipment manufactured to the Government’s specifications, at least where the manufacturer had warned the Government about the dangers in the use of the equipment that were known to the manufacturer. Id. at 508, 511, 108 S.Ct. at 2516, 2518. State law under which the manufacturer had been held liable for defective design was pre-empted because it was in conflict with the unique federal interest identified. Id. Since the federal district court sat in diversity, it remains unclear whether the “unique federal interest” concept would necessarily support federal question jurisdiction. Compare Caudill v. Blue Cross and Blue Shield of N.C., 999 F.2d 74, 77 (4th Cir.1993) (relying on Boyle to find a unique federal interest in a FEHB dispute), with Goepel v. Nat’l Postal Handlers Union, 36 F.3d 306, 315 (3rd Cir.1994) (disagreeing with Caudill and noting that Boyle involved diversity jurisdiction). See also discussion of Boyle and Caudill infra, p. 1544.
II. THE FACT THAT THE CONTRACT AT ISSUE IS COVERED BY THE FEHB IS INSUFFICIENT TO SUPPORT REMOVAL JURISDICTION.
The Federal Employee Health Benefits Program, 5 U.S.C. §§ 8901 et seq. (hereinafter “FEHB”), outlines procedures for the federal government to procure contracts with medical services providers whereby federal employees can choose a particular provider’s plan as part of the employee’s benefit package. The^ cost of the medical insurance is shared by the federal government and the individual employee. Defendant opposes remand of this case to state court on the basis *1541 that Plaintiffs claims necessarily rely upon the FEHB contract and are therefore subject to federal question and removal jurisdiction. Plaintiff argues that any questions relating to the FEHB arise only as a federal defense and are insufficient to support removal.
As detailed in the following discussion, the Tenth Circuit has held that interpretation of benefit provisions of an FEHB contract is a question of state law, and that the existence of a dispute requiring interpretation of an FEHB contract is insufficient to confer federal question removal jurisdiction. This holding is consistent with subsequent decisions from the Supreme Court also discussed below, and controls the disposition of this ease. The cause of action must be remanded to the State court.
A The Tenth Circuit has determined that interpretation of FEHB contracts is a question of state law.
With the guidance of Avco but prior to the Supreme Court’s decisions in Franchise Tax Board, Caterpillar, Metropolitan, and Boyle, the Tenth Circuit considered whether a preemption defense to claims relating to a contract covered under the FEHB would support removal jurisdiction. In Howard v. Group Hospital Service, 739 F.2d 1508 (10th Cir.1984), the plaintiff filed suit in Oklahoma state court alleging contract and tort claims arising from the denial of benefits under a medical insurance policy issued pursuant to the FEHB. The defendant removed the case to federal court, and the district court denied the plaintiffs motion to remand. Id. The Tenth Circuit returned the case to the federal trial court to be remanded due to the lack of federal subject matter jurisdiction. Id.
The Howard court looked to Supreme Court decisions, including Clearfield Trust Co. v. U.S., 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943) (applying federal law in eases involving negotiation of a federal check), and Miree, 433 U.S. 25, 97 S.Ct. 2490, discussed briefly supra, p. 1540, (finding no federal interest in third-party beneficiaries’ claim against municipality alleging breach of its contract with the FAA), the language of the FEHB and regulations promulgated thereunder, and the legislative history of the Act. Id. at 1509-1511. The critical statutory provisions noted in Howard as not granting federal question jurisdiction. 5 U.S.C. §§ 8902(m)(l)[4] and 8912[5], have not been amended.[6] The legislative history relied upon by the court stressed the competitive benefits of the plan’s structure, which the court found suggested that “Congress did not anticipate that judgments against insurance carriers and consequential increases in costs to the plans would substantially burden the government.” Id. at 1511.[7]

*1542
B. This case must be remanded.

1. Howard remains binding precedent.
a. The Tenth Circuit continues to follow Howard.
The Tenth Circuit cited Howard and applied Oklahoma law to interpret a FEHB contract in Fields v. Farmers Ins. Co., Inc., 18 F.3d 831, 834 (10th Cir.1994). The plaintiff in Fields filed suit in federal district court based on diversity jurisdiction, seeking a determination that under Oklahoma law his medical insurer was not entitled to any sub-rogation rights against the plaintiffs uninsured motorist benefits until he had been fully compensated for his injuries. Id. at 833. The court found that Oklahoma common law allowed the parties to contract to follow a different rule. Id. at 834-835. The plaintiff did not raise state law claims parallel to those Plaintiff has plead herein, but the ruling demonstrates that Howard continues to be controlling precedent in this circuit.[8]
b. Subsequent case law supports remand.
Howard is consistent with the Supreme Court’s subsequent case law continuing to outline the parameters of federal pre-emption and federal question removal jurisdiction. The language the Court focused on in Metropolitan to find pre-emption by ERISA is vastly different than the language utilized in the FEHB. ERISA’s specific grant of jurisdiction to provide relief under the statute “without respect to the amount in controversy or the citizenship of the parties”, 29 U.S.C. § 1132, and the legislative history comparing the intended treatment to the Court’s treatment of the LMRA in terms of “arising under the laws of the United States”, see Metropolitan, 481 U.S. at 65, 107 S.Ct. at 1547, are entirely absent in the FEHB, which provides for federal district court jurisdiction only for suits against the United States. 5 U.S.C. § 8912. The statutory pre-emption language in ERISA provides for the subchapter to supersede state laws that “relate to any employee benefit plan....” 29 U.S.C. § 1144(a). In contrast, the provisions of a FEHB contract “which relate to the nature or extent of coverage or benefits” supersede and pre-empt state law “which relates to health insurance or plans to *1543 the extent such law or regulation is inconsistent with such contractual provisions.”[9]
The ERISA statute explicitly grants federal question jurisdiction to provide relief provided for in the statute and explicitly preempts all state laws that relate to the plan. In contrast, the FEHB’s restrictive jurisdictional grant and limited pre-emption of state laws which relate to plans to the extent they conflict with the FEHB contract provisions are extremely narrow. The differences in the statutory language and Metropolitan’s, pronouncement that “the touchstone of the federal district court’s removal jurisdiction is ... the intent of Congress” fully support the correctness of the Howard decision. Metropolitan, 481 U.S. at 66, 107 S.Ct. at 1548. The decisions in Franchise Tax Board and Caterpillar demonstrate the limits on the applicability of federal law which does have some pre-emptive force. These important pre-emption decisions are consistent with Howard’s finding that the federal question presented did not come within the scope of the FEHB jurisdictional grant to the federal courts.
2. The distinguishing facts of this case do not support a different result than in Howard.
The Supreme Court’s intervening decisions support Howard, and the facts of this case raise no issue to distinguish Howard and find federal question jurisdiction. The Supreme Court’s emphasis in Caterpillar on the fact that the plaintiffs’ state law claims “were not grounded, either directly or indirectly, upon rights or liabilities created by the collective bargaining agreement” makes the argument that preemptive removal jurisdiction exists in this case more tenuous than in Howard. Whereas in Howard the plaintiffs sought interpretation and enforcement of a provision of an FEHB contract, here Plaintiff seeks the benefits of a state law contract for uninsured motorist benefits, without the interference of her group medical insurer’s claims based upon its interpretation of the FEHB contract. In Shelly plaintiffs filed suit in federal district court seeking relief under the federal Declaratory Judgment Act from the defendant’s attempts to terminate certain contracts based upon a provision relating to a ruling by the Federal Power Commission. 339 U.S. at 669-671, 70 S.Ct. at 877-879. The Court held that the Declaratory Judgment Act was procedural, and that any federal claim the plaintiff might urge would arise only as a defense to a state law action. Id. at 672, 70 S.Ct. at 879.
Franchise Tax Board extended the ruling of Shelly where in response to the defendant’s assertion of federal rights in relation to a pre-litigation transaction the plaintiff filed a state court action seeking declaratory relief and necessarily identified a federal question. 463 U.S. 1, 18-19, 103 S.Ct. 2841, 2850-51. Despite the plaintiff’s necessary reference to the defendant’s federal law claim, the cause of action was outside the scope of ERISA pre-emption. Id. To the extent that Plaintiff’s state cause of action could be viewed as relying upon the existence of an FEHB contract, the dispute arose because of the Defendant’s assertion of rights under the FEHB contract within the context of proceedings between Plaintiff and her automobile insurer regarding claims completely governed by state law. Because Plaintiff actually seeks protection from the Defendant’s commercial assertion of rights based upon the FEHB contract, under Shelly and *1544 Franchise Tax she could not have pursued her claims in federal court even if her complaint for declaratory relief necessarily referenced Defendant’s claim of federal rights, and even if those rights were clearly federal.
Howard noted that the “medical necessity” provision at issue was not part of any congressional enactment, but was “one of the provisions incorporated in the Oklahoma contract.” Id. at 1511-12. The subrogation provision of Defendant’s contract placed at issue by Plaintiff’s cause of action is not only not statutorily based, it may not “relate to the nature or extent of coverage.” Since Defendant is seeking application of this provision to uninsured motorist benefits governed by state law, the federal government’s interest in interpretation of the contract is even weaker than under the circumstances in Howard, where the nature of the benefits provided under the FEHB plan were directly at issue.
3. Defendant articulates no unique federal interest to support federal question jurisdiction.
Defendant’s arguments that a restriction on its subrogation right may affect the price of its plan offered under the FEHB is too speculative to constitute a “unique federal interest” as was at issue in Boyle. Whereas in Boyle the federal interest was not the subject of any statutory enactment, Congress did have the opportunity to identify and protect the federal interests placed at issue by FEHB contracts, and limited jurisdiction to cases against the United States. The Fourth Circuit’s decision in Caudill, 999 F.2d at 77, cited Boyle as controlling because of the federal government’s “unique federal interest” in disputes arising from a FEHB contract. Yet in Boyle the Supreme Court sat in diversity, and addressed a state law tort claim where no statutory grant of jurisdiction was available for interpretation as to the intent of Congress. 487 U.S. 500, 108 S.Ct. 2510. In a dispute arising from a FEHB contract, a statútory grant of jurisdiction is placed at issue, and consideration of the language of the statute and of the legislative history are appropriately the primary focus to determine what federal interests Congress contemplated protecting through a grant of federal jurisdiction. Application of the Boyle Court’s reasoning to the facts of this case would not be appropriate.

. Defendant also referenced 28 U.S.C. § 1443, which relates to federal district court jurisdiction over civil rights cases, and was presumptively a clerical error. No civil rights issues have been raised in any pleading of record.

. Earlier that year, the Court had held that ERISA pre-empted state causes of action that fell within the scope of its provisions creating and limiting causes of action between ERISA-plan participants, beneficiaries, and fiduciaries, and the Secretary of Labor. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct 1549, 95 L.Ed.2d 39 (1987); see also Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987).

. Specifically section 301 of the Federal Labor-Management Relations Act of 1947 (“LMRA”), 29 U.S.C. § 185(a), found to have broad preemptive force in Avco Corp. v. Machinists, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

. "The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any State or local law, or any regulation issued thereunder, which relates to health insurance or plans to the extent that such law or regulation is inconsistent with such contractual provisions.”

. "The district courts of the United States have original jurisdiction ... of a civil action or claim against the United States founded on this chapter.”

. Some courts have apparently interpreted subsequent FEHB regulations to create a mandatory administrative process, over which federal district courts have jurisdiction to review decisions of the Office of Personnel Management ("OPM”) for arbitrariness. See e.g., Harris v. Mutual of Omaha Cos., 992 F.2d 706, 711-712 n. 1 (7th Cir.1993); Nesseim v. Mail Handlers Benefit Plan, 995 F.2d 804, 806 (8th Cir.1993); and Tackitt v. Prudential Ins. Co., 758 F.2d 1572, 1575 (11th Cir.1985). Administrative regulations cannot confer federal question jurisdiction. See e.g., Article III, U.S. Constitution. Only the most recent regtdations state that OPM review is required prior to judicial review of the denial of a benefit claim. Compare 5 C.F.R. § 890.105 (1996), with e.g., (1995). Still, a challenge to an OPM decision “solely because it concurs in a health plan carrier’s denial of a claim is not a challenge to the legality of OPM’s decision", and suit is to be brought against the carrier, not OPM. 5 C.F.R. § 890.107 (1996).

.In a concurring opinion in Howard, Circuit Judge Doyle criticized the majority opinion’s "lengthy and unnecessaiy discussion of whether federal law should apply to the interpretation of the insurance policy.” 739 F.2d at 1513. He noted that even if federal law controlled interpretation of the contract, "that fact alone would be insufficient to establish” jurisdiction. Id. Judge Doyle's criticism is in line with the distinction between federal pre-emption and complete federal pre-emption that has been clarified in subsequent case law. While Howard's jurisdictional *1542 holding has strong support in the FEHB and in Supreme Court case law, its pronouncement that state law applies in interpreting a FEHB contract could be subject to criticism based upon the legislative record, in particular the amendment originally enacting subsection 8902(m), which stresses uniformity, although in reference to the area of regulation of plans, without reference to “interpretation" of contract provisions. See e.g., H.R.Rep. No. 95-282 (1977). While Howard could have been viewed as stating “mere dicta" on the point, the holding in Fields v. Farmers Ins. Co., Inc., 18 F.3d 831, 834 (10th Cir.1994) (discussed infra, this page), establishes for any district court within the Tenth Circuit that state law applies to interpretation of FEHB contracts, at least to the extent it is not "inconsistent” as outlined in § 8902(m).- Upon remand, the State court will of course be free to evaluate the question on its own, considering Judge Doyle’s dissent, subsequent case law from the U.S. Supreme Court, and relevant legislative history of the FEHB and various amendments thereto.

. There is a split among the circuits as to the pre-emptive effect of the FEHB, with only the Third Circuit agreeing with the Tenth in applying state law and finding no federal question jurisdiction. Compare Goepel, 36 F.3d at 315 (3rd Cir.1994), with e.g., Caudill, 999 F.2d at 77 (4th Cir.1993);, Burkey v. Gov’t Employees Hosp. Ass'n, 983 F.2d 656, 660 (5th Cir.1993); Harris, 992 F.2d at 711-712 n. 1 (7th Cir.1993); Nesseim, 995 F.2d at 806 (8th Cir.1993); Hayes v. Prudential Ins. Co., 819 F.2d 921, 926 (9th Cir.1987), cert. denied, 484 U.S. 1060, 108 S.Ct 1014, 98 L.Ed.2d 980 (1988); and Tackitt, 758 F.2d at 1575 (11th Cir.1985). Of these cases, only Caudill and Goepel explicitly address federal question.jurisdiction, and the court in Caudill chose not to determine whether the FEHB completely pre-empts state law, and instead based its decision on the "unique federal interest” concept. 999 F.2d at 77. Only Goepel squarely faced complete pre-emption, and thoroughly discussed the language differences between the FEHB, and ERISA and the LMRA, to determine that the FEHB does not create complete preemption. Nothing in the reasoning of the contrary cases demonstrates that a subsequent Supreme Court decision implicitly overrules Howard. Harris, Nesseim, and Tackitt actually review administrative decisions of the OPM, on the apparent basis that OPM regulations have created a mandatory process of administrative review (with the basis of federal district court jurisdiction being unclear in the decisions). See also discussion of FEHB regulations, supra, p. 1541, n. 6. Tackitt also involved a challenge to OPM's decision to allow a change in benefits in a particular carrier's plan, although OPM was not a named defendant. 758 F.2d at 1574.

. The exact language of the subrogation provision at issue is not of record. It may by its own terms not apply to Plaintiff's contractual rights against her uninsured motorist carrier, as opposed to her common law rights against a third-party tortfeasor. Cf., Mountain States Mat. Cas. Co. v. Vigil, 121 N.M. 812, 815, 918 P.2d 728, 731 (1996) (distinguishing between subrogation and reimbursement rights, employer and insurer’s rights, and various parties’ rights under an uninsured policy issued to the employer versus to the employee). Under New Mexico law, the provision may not apply. It may apply and not be unconscionable. It may be that tinder New Mexico law the provision would be unconscionable, but that New Mexico law cannot be applied to void the subrogation provision because it would relate to the , plan and be in conflict with a provision relating to “the nature or extent of coverage." It may be that the New Mexico district court will apply federal law. See supra, p. 1541, n. 7. Upon remand the New Mexico courts may of necessity decide one or more essentially federal issues. The United 'States Supreme Court would have jurisdiction over a decision of the New Mexico Supreme Court addressing any federal issue, regardless of whether federal question jurisdiction exists in the district courts. See 28 U.S.C. § 1257. This is the framework of our federal court system.