**GREAT–WEST LIFE & ANNUITY INSURANCE COMPANY, Plaintiff,**

v.

**Kent CLINGENPEEL and Terri Clingenpeel, Individually and on Behalf of Amber Clingenpeel, a minor child, and Ashley Clingenpeel, a minor child, Defendants.**

No. CIV–97–1186–A.

United States District Court, W.D. Oklahoma.

Nov. 13, 1997.

**1354**

Mark D. Spencer, McAfee & Taft, Oklahoma City, OK, Thomas H. Lawrence, Ogletree Deabins Nash Smoak & Stewart, Nashville, TN, for Plaintiffs.

Paul K. Woodward, James F. Long, Traynor Long & Wynne, Enid, Rex K. Travis, Margaret E. Travis, Oklahoma City, OK, for Defendants.

### ORDER

ALLEY, District Judge.

Before the Court are Plaintiff's Motion for Summary Judgment filed on August 12, 1997, and Defendants' Motion for Partial Summary Judgment filed on September 15, 1997. The parties have responded to each other's motion.[1]

### STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate if the pleadings and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 561 F.2d 202, 204 (10th Cir.1977). An issue of material fact is "genuine" for our purposes if a "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Plaintiff seeks summary judgment on all of its claims arguing: (1) the Health and Welfare Plan for Employees of Ward Petroleum (the "Plan") requires full first lien reimbursement for medical expenses previously paid to defendants by the Plan; (2) the Court should refuse to create a federal common law "make whole" or "common fund" rule; (3) even assuming the "make whole" rule applies, the Plan is entitled to full reimbursement; (4) even assuming the "common fund" rule applies, the defendants are not entitled to full reimbursement of their fees and costs; and (5) if fees and costs are awarded to defendants, the amount should be limited to the actual value of their services to the Plan.

Defendants filed a response to plaintiff's motion for summary judgment and filed a counter-motion for partial summary judgment arguing that the "make whole" rule applies to this case, and that plaintiff is required to bear the proportionate share of costs, attorney's fees and expenses in obtaining settlement of the personal injury claim.

The following facts are undisputed. Plaintiff brings this action under the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§ 1001–1461 ("ERISA"), to enforce the subrogation/reimbursement terms of the Plan. Defendants were injured in an automobile accident caused by a third party. Defendants incurred $640,105.38 in medical and hospital bills. Defendant Kent Clingenpeel, as an employee of Ward Petroleum Corporation ("Ward") was covered by the Plan. The remaining defendants are covered as dependents under the Plan. The Plan is a self-funded employee welfare benefit plan. Plaintiff is the third-party administrator of the Plan. The Plan disbursed $640,-

---

**1.** A companion case *Clingenpeel, et al. v. Morris Oil Field Services. Inc., et al.,* CIV–97–1190–A (W.D.Okla.) is currently pending before this Court. Case No. CIV–97–1190–A sought to remove the entire state action regarding settlement of personal injury claims pursuant to 28 U.S.C. § 1441(c). The Court has granted an Agreed Order of Partial Remand, remanding all claims to the state district court. Thus, a resolution of the issues in Case No. CIV–97–1186–A will directly impact Case No. CIV–97–1190–A.

105.38 to defendants to cover their medical expenses.

Defendants filed a personal injury suit against Morris Oil Field Services ("Morris") and Franklyn Hickerson. Defendants settled their claims against Morris for $1,850,-000. Defendants filed a motion in the state district court seeking approval of partial settlement, payment of attorney's fees and expenses, distribution of funds, deposit of funds for a minor, and extinguishment of plaintiff's subrogation rights (the "Motion").

Plaintiff did not intervene in the state court action nor was it made a party to the action. Upon receipt of the Motion, plaintiff along with the Plan and Ward removed the action to this Court. Subsequently, the parties agreed to an order partially remanding the case to the state court, but preserving federal issues regarding the Plan's right to reimbursement.

### Right to Reimbursement

Defendants do not challenge the Plan's right to reimbursement. *See* Defendant's Response p. 4. Rather, they challenge the amount of the subrogation and argue that plaintiff must pay the proportionate share of the costs of recovery. *Id.*

 Clearly, the issue of reimbursement under the Plan is governed by ERISA, and thus state law is preempted. *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 57, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). If the Plan's terms are express and unambiguous, the terms are controlling. *Straub v. Western Union Tel. Co.,* 851 F.2d 1262, 1265–66 (10th Cir.1988). The relevant Plan terms provide as follows:

The Plan provides:

A third party may be liable or legally responsible for expenses incurred by a covered person for an Illness, a sickness, or a bodily injury.

Benefits may also be payable under this Plan for such expenses. When this happens, the Company may, at its option:

take over the covered person's right to receive payment of the benefits from the third party. The covered person will:

transfer to the Company any rights he may have to take legal action against the third party with respect to benefits paid by the Company which are subject to this provision; and

cooperate fully with the Company in asserting its right to subrogate. This means the covered person must supply the Company with all information and sign and return all documents reasonably necessary to carry out the Company's right to recover from the third party any benefits paid under the Booklet which are subject to this provision.

recover from the covered person any benefits paid under the Booklet which the covered person is entitled to receive from the third party. The Company will have a first lien upon any recovery, whether by settlement, judgment, or otherwise, that the covered person receives from:

— the third party; or

— the third party's insurer or guarantor; or

— the Covered Person's uninsured motorists insurance.

This lien will be for the amount of benefits paid by the Company for the treatment of the Illness, sickness or bodily injury for which the third party is liable or legally responsible. If the Covered Person:

— makes any recovery as set forth in this provision; and

— fails to reimburse the Company fully for any benefits paid under this provision;

then he will be personally liable to the Company to the extent of such recovery up to the amount of the first lien. The Covered Person must cooperate fully with the Company in asserting its right to recover.

(Plaintiff's Brief in Support of Motion for Summary Judgment, Ex. C).

Here, the Plan clearly provides that it has a first lien upon any recovery, including settlement, in the amount of benefits paid by the Plan if the person makes any recovery. Thus, on its face, the Plan is entitled to reimbursement for $640,105.38 paid on behalf of defendants as they have received a settlement of $1,850,000 from the responsible par-

ty.[2] Defendants' contention is that the reimbursement provision should be overridden because they have not been "made whole."

### Federal Common Law "Make Whole" Rule

■ The question is whether the Plan is entitled to reimbursement because defendants allegedly have not been "made whole" by the settlement. The "make whole" rule is derived from state law issues regarding insurance contracts. *Fields v. Farmers Insurance Company, Inc.*, 18 F.3d 831 (10th Cir. 1994). Insurance companies include subrogation clauses within their insurance contracts. If these clauses do not specifically state whether the company's reimbursement is subject to the insured's first being made whole, courts use the doctrine as a default rule. Accordingly, under the "make whole" rule, if the insured has not been made whole through its third-party recovery and the subrogation clause does not address the rule, the company is not entitled to reimbursement.

The "make whole" rule is not contained in ERISA. Federal courts are in disagreement whether federal common law should apply the rule to ERISA cases. The following circuits apply the "make whole" rule to ERISA plans where the subrogation clause does not clearly preclude it: *Cagle v. Bruner*, 112 F.3d 1510, 1522 (11th Cir.1997) (holding make whole rule applicable to ERISA plans unless explicitly precluded); *Barnes v. Independent Auto. Dealers Ass'n of California Health and Welfare Benefit Plan*, 64 F.3d 1389, 1395 (9th Cir.1995) (holding, absent clear expression to the contrary, the make whole rule should be applied to ERISA claims); *Cutting v. Jerome Foods, Inc.*, 993 F.2d 1293, 1298 (7th Cir.) (holding plan administrators were not erroneous in concluding that the plan's terms regarding "any and all payments" negated the requirement the plaintiffs should be made whole), *cert. denied*, 510 U.S. 916, 114 S.Ct. 308, 126 L.Ed.2d 255 (1993). However, other circuits have declined to apply the "make whole" rule under any circumstances: *Waller v. Hormel Foods Corp.*, 120 F.3d 138 (8th Cir.1997); *Sunbeam–Oster Co., Inc. Group Benefits Plan for Salaried and Non–Bargaining*

*Hourly Employees v. Whitehurst*, 102 F.3d 1368 (5th Cir.1996); and *Ryan v. Federal Express Corp.*, 78 F.3d 123 (3rd Cir.1996).

The Tenth Circuit Court of Appeals has not clearly addressed this issue in the context of federal common law and ERISA plans. In *Fields v. Farmers Insurance Company, Inc.*, 18 F.3d at 834, the appellate court found state law applicable as the plan was a government contract. Nonetheless, it declined to apply the "make whole" rule because it found the rule not " 'predominant, let alone universal.' " *Id.* at 836 n. 5 (internal citation omitted). Further, the appellate court found that the Oklahoma State Supreme Court had not, at that time, applied the "make whole" rule to subrogation provisions that contained clear language against it. *Id.* at 836. Accordingly, the appellate court allowed subrogation even though the injured party had not been made whole. *Id.*

Subsequently, however, the Oklahoma State Supreme Court concluded the "make whole" rule was applicable in subrogation clauses including those governed by ERISA and that the rule did not conflict with the majority of federal common law. *Equity Fire and Casualty Co. v. Youngblood*, 927 P.2d 572 (Okla.1996). The Oklahoma State Supreme Court found that where a plan does not establish a priority of payment nor grant discretionary interpretation to the plan's administrators, the "make whole" rule is applicable. *Id.* at 576–77.

Courts that apply the federal common law "make whole" rule first determine whether the subrogation clause clearly negates the rule. There are conflicting views regarding the language of these clauses. Some courts hold that the clause must "specifically allow the Plan the right of first reimbursement out of any recovery [the participant] was able to obtain even if [the participant] were not made whole." *Barnes*, 64 F.3d at 1395; *see also Cagle*, 112 F.3d at 1522. These courts have gone even further by stating that even if the plan provides administrators with discretion in interpreting the plan, the specific preclusion language regarding the "make whole" rule must exist. *Cagle*, 112 F.3d at

---

**2.** An action against the individual driver is still pending.

1522 (*citing Guy v. Southeastern Iron Workers' Welfare Fund,* 877 F.2d 37, 38 (11th Cir.1989)). However, other courts have found the reference to "any" or "all" rights of recovery overrides the "make whole" rule. *Fields,* 18 F.3d at 835; *Cutting,* 993 F.2d at 1299.

Although the Court recognizes the ability to establish federal common law, *R.T.C. v. Financial Institutions Retirement Fund,* 71 F.3d 1553, 1556 (10th Cir.1995), the dispute at issue may be resolved without creating such a rule. The Court finds that the Plan clearly precludes application of the "make whole" rule by its own terms. The Plan indicates that it has a first lien upon *any* recovery obtained in any manner by defendants. Plaintiff's Brief in Support of Motion for Summary Judgment, Ex. C. This language is sufficient to negate the application of the "make whole" rule. This interpretation is supported by several circuits' reasoning. The Oklahoma State Supreme Court applied the "make whole" rule, determining its application was consistent with federal common law, because the plan did not establish a priority of payment. Clearly, the Plan in the instant case has set a priority of payment. Further, cases cited by defendants in opposition to this interpretation may be distinguished. The Court notes that in those cases the plans had not yet reimbursed the parties for their expenses. Here, the Plan has paid defendants $640,105.38 in expenses. The Court adopts the interpretation that reference to "any" or "all" recovery overrides the "make whole" rule. Thus, summary judgment is granted in favor of plaintiff and against defendants.

Moreover, even assuming the Plan's language does not clearly preclude the application of the "make whole" rule, defendants have failed to meet their burden as proponents of a motion for summary judgment by establishing that they have not been made whole. Whether a party has been made whole depends upon his/her compensatory damages. *Sunbeam–Oster,* 102 F.3d at 1372. In the instant case, there has been no evidence nor allegation other than defendants' general "severity claims" regarding compensatory damages above $640,105.38. As such, the Court finds defendants have failed to satisfy their burden as proponents of a motion for summary judgment, and their motion is denied.

## Common Fund Rule

It is disputed whether the parties should share the proportionate costs of the recovery and settlement. The common fund rule permits a party who creates, preserves or increases the value of a fund to be reimbursed for litigation expenses incurred. *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478, 100 S.Ct. 745, 62 L.Ed.2d 676 (1980). The rationale behind the rule is that failure to share in the costs of litigation will cause one party to be unjustly enriched. *Swedish Hosp. Corp. v. Shalala,* 1 F.3d 1261, 1265 (D.C.Cir.1993).

The Court finds the rationale in *Waller, supra,* 120 F.3d at 141 persuasive. The Eighth Circuit Court of Appeals declined to apply the "make whole" rule; and yet recognized the amount of the plan's reimbursement should be reduced by a reasonable attorney's fee. *Id.* The appellate court held that where the plan was silent regarding payment of expenses, the silence could be interpreted in two ways. One interpretation is that because the plan was entitled to 100% reimbursement, no costs or fees should be deducted. *Id.* The other interpretation is that the plan will pay expenses to encourage beneficiaries to initiate claims through which the plan may be subrogated. *Id.* Other courts have adopted this rationale. *See e.g. Blackburn v. Sundstrand Corp.,* 115 F.3d 493, 496 (7th Cir.1997), *pet. for cert. filed,* September 29, 1997; *Murzyn v. Amoco Corp.,* 925 F.Supp. 594, 601 (N.D.Ind.1995) cited with approval by *Equity Fire and Casualty Co., supra,* 927 P.2d at 576–77. Further, the Tenth Circuit Court of Appeals has recognized the common fund rule's application in certain ERISA cases. *Gordon v. U.S. Steel Corp.,* 724 F.2d 106 (10th Cir.1983); *Eaves v. Penn,* 587 F.2d 453, 464–65 (10th Cir.1978). Here, defendants filed suit against the responsible parties and through their efforts obtained a settlement in excess of their medical costs. The Plan is able to recover its expenses from this settlement. The Plan had the opportunity to intervene and declined to do so. Although defendants'

claims in the instant case were ultimately unpersuasive, their position was not entirely devoid of merit. In this regard, the Court finds the Plan's reimbursement should be reduced by an amount of reasonable attorney's fees, and thus Plaintiff's Motion for Summary Judgment in this regard is denied. As defendants have not submitted any evidence regarding the reasonableness or amount of their attorney's fees, the undersigned declines to fully grant their Motion for Partial Summary Judgment.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. Plaintiff's motion is granted on the following grounds:

(1) the Plan is entitled to reimbursement for medical expenses paid on behalf of defendants; and

(2) the Plan's terms preclude the application of the "make whole" rule. However, Plaintiff's motion is denied in so far as the Court declines needlessly to recognize any federal common law rule, and the amount of reimbursement remains in controversy. Defendants' Motion for Partial Summary Judgment is GRANTED IN PART and DENIED IN PART. Defendants' motion is granted on the following ground:

(1) plaintiffs are required to bear their proportionate share of the costs and attorney's fees incurred in obtaining the personal injury settlement.

The sole remaining issue is the amount and reasonableness of defendants' attorney's fees. Defendants are directed to file a supplemental brief no later than December 29, 1997, regarding the reasonableness and amount of attorney's fees and costs that were expended in obtaining the settlement. Plaintiff will be permitted to respond within twenty days thereafter.