David BURKETTE, M. D.,
Plaintiff-Appellant,

v.

LUTHERAN GENERAL HOSPITAL,
Defendant-Appellee.

No. 78–3447
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 17, 1979.

Van H. Johnson, San Antonio, Tex., for plaintiff-appellant.

James H. Kizziar, Jr., San Antonio, Tex., for defendant-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

GEE, Circuit Judge:

This appeal is plagued with grave procedural difficulties, such as appellant's attempt to proceed directly under the due process clause of the fourteenth amendment, an arguable waiver by failure to appeal the decision of an evaluative committee, etc. Other uncertainties arise from the question whether the appellee, a private hospital, receives "substantial" federal funds so as to be subject to the requirements of the fourteenth amendment. Since it is clear, however, that even if all of these issues are resolved *arguendo* in appellant's favor his complaint was still properly dismissed, we affirm. Since the parties agree that the dismissal should be treated as a summary judgment for defendant, we view the essential, undisputed facts in the light most favorable to appellant.

He is Dr. David Burkette, a physician licensed to practice in Texas. Dr. Burkette sought employment in the emergency room of Lutheran General Hospital, a salaried position in which he simply attended persons who sought help at that facility. He was not otherwise in private practice, being on active military service. After a temporary stint at the job, he was disapproved for permanent employment for reasons which were very vaguely stated but which do not reflect on him in any way. We assume he was not afforded procedural due process in the course of this dismissal. We have held that a physician in private practice denied staff privileges in a hospital that is subject to the fourteenth amendment possesses a

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

protectible "liberty" interest that can ground a complaint of such a denial. *Shaw v. Hospital Authority*, 507 F.2d 625 (5th Cir. 1975). Dr. Burkette relies on such holdings.

They do not support his appeal. The denial of staff privileges to a physician in private practice means that the physician cannot have his patients admitted to the denying hospital; thus, denial of staff privileges may seriously limit his opportunity to engage in private practice. *See id.; Foster v. Mobile Co. Hospital Board*, 398 F.2d 227, 229–30 (5th Cir. 1968). Here Dr. Burkette was not in private practice and was not seeking staff privileges so that he could have patients admitted to the hospital; rather, he was a temporary employee seeking a permanent job in appellee's emergency room. His position is therefore not analogous to the situations of plaintiffs in cases such as *Shaw*. Instead, like a nontenured college professor seeking a permanent position, he had no protectible property or liberty interest. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Since Dr. Burkette had no protectible property or liberty interest, he was not entitled to procedural due process and could be terminated for any reason or for no reason.[1]

AFFIRMED.

---

1. It appears that the actual form of the arrangement under which Dr. Burkette's services were offered the hospital was as a member of a medical pool under contract to supply physicians to the emergency room. We may speculate that his termination could affect his arrangement with that group, but it is plain that the hospital reserved full right to accept or reject physicians so offered it. In these circumstances, Dr. Burkette's arrangements with the group cannot affect the hospital's powers. *Res inter alios acta altieri nocere non debet.*

