_____

No. 95-2446
_____

Southern Council of Industrial       *
Workers; Southern Council of         *
Industrial Workers Trust Fund,       *
                                     *
          Appellants,                *     Appeal from the United States
                                     *     District Court for the
     v.                              *     Eastern District of Arkansas.
                                     *          [PUBLISHED]
Jacqueline F. Ford, Morris W.        *
Thompson, Valley Forge               *
Insurance Company,                   *
                                     *
          Appellees.                 *

_____

               Submitted: April 10, 1996

                  Filed: May 14, 1996
_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.
_____

PER CURIAM.


     The Southern Council of Industrial Workers and the Southern Council
of Industrial Workers Trust Fund (Southern Council) appeal from the
district court's order dismissing for lack of subject matter jurisdiction
their action under 29 U.S.C. § 1132 of the Employee Retirement Income
Security Act (ERISA), 29 U.S.C. §§ 1001-1461.  We affirm in part and
reverse in part and remand for further proceedings.


                              **I.**


     Southern Council's complaint alleged the following:  It maintained
an employee benefit plan that provided health insurance; the plan contained
a subrogation clause providing that Southern Council would be subrogated,
to the extent of payments it had made,

to the rights of a beneficiary to receive or claim indemnification from a third party. Jacqueline F. Ford was a beneficiary under the plan. She sustained injuries after falling in a supermarket and received $39,971.35 in medical benefits paid for by the plan. Ford retained attorney Morris Thompson to represent her in her personal injury claim against the supermarket. Ford's claim was settled for $150,000 paid to her by the supermarket's insurer, Valley Forge Insurance (Valley Forge). Prior to the settlement, Ford and Thompson signed a subrogation agreement providing that they would reimburse the fund from the proceeds of any recovery received for Ford's injuries, and an agent of Valley Forge indicated to Southern Council that the subrogation agreement would be honored. The settlement proceeds were released by Valley Forge and Thompson to Ford, who paid the fund $10,000 in reimbursement. Seeking to recover the balance of the amount it had paid for Ford's medical benefits, Southern Council claimed that by failing to reimburse the fund, (1) Valley Forge and Thompson breached their fiduciary duty owed to the plan; (2) Ford and Thompson violated the plan's subrogation clause and the subrogation agreement; and (3) Ford, Thompson, and Valley Forge appropriated and converted the assets of the plan.

Southern Council attached to its complaint a copy of the subrogation agreement signed by Ford and Thompson, which acknowledges subrogation to Southern Council of "my (our) rights" to recover or claim from a third party any "indemnification, damage or other payment with respect to [an] injury or sickness," and which further states, "I (we) agree and understand that the fund will not pay nor share in any legal fees or expenses which may be incurred in connection with such recovery."

After the parties filed cross-motions for summary judgment, the district court determined that neither Thompson nor Valley Forge was a fiduciary of the plan. Noting that Ford did not contest subject matter jurisdiction, the court nevertheless

-2-

concluded that because there was no claim under ERISA against any defendant, the court did not have jurisdiction, no federal question being raised and the amount in controversy being insufficient to confer diversity jurisdiction. The court also dismissed the pendent state law claims.

## II.

Because the district court did not consider matters outside the pleadings, we review de novo the dismissal for lack of subject matter jurisdiction. See Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990).

### A.  Fiduciary Duty Claims

We conclude that the district court correctly determined that the complaint failed to state a claim against either Thompson or Valley Forge for violation of a fiduciary duty owed to the plan. Under ERISA, federal district courts have exclusive jurisdiction over civil actions for breach of duty by a fiduciary of a plan. 29 U.S.C. §§ 1132(a)(2) & (e)(1); 1109. A person is a fiduciary of a plan to the extent that person "exercises any . . . authority or control respecting management or disposition of [the plan's] assets." 29 U.S.C. § 1002(21)(A).

Thompson did not become a plan fiduciary merely by representing Ford or by related control over the settlement proceeds. See Chapman v. Klemick, 3 F.3d 1508, 1509-11 (11th Cir. 1993), cert. denied, 114 S. Ct. 1191 (1994); see also Witt v. Allstate Ins. Co., 50 F.3d 536, 537 (8th Cir. 1995) (citing Chapman with approval). Southern Council's argument that the result here should be different because Thompson signed the subrogation agreement is unpersuasive. "An attorney has an ethical obligation to his or her client that does not admit of competing allegiances." Chapman, 3 F.3d at 1511. Accordingly, to impose fiduciary

-3-

liability on Thompson would be to subject him to "unacceptable conflicts of interest." Id. Moreover, the subrogation agreement did not by its terms purport to make Thompson a fiduciary of the plan.

Likewise, Valley Forge, a third-party insurance company with no pre-existing fiduciary relationship to the plan, was not a fiduciary merely because it possessed or controlled assets to which the plan asserted a claim. See Witt, 50 F.3d at 537. Valley Forge's alleged agreement to honor Southern Council's subrogation rights did not impose a fiduciary duty upon it. Valley Forge's duty to its own shareholders and clients could very well conflict with any fiduciary duty owed to Southern Council and subject Valley Forge to irreconcilable obligations. Cf. Useden v. Acker, 947 F.2d 1563, 1575-76 (11th Cir. 1991) (concluding that bank's duties to shareholders and customers could conflict with fiduciary duty to plan-borrower), cert. denied, 508 U.S. 959 (1993).

**B.    Claims Based on Subrogation Clause and Agreement**

We conclude that the district court erred in determining there was no subject matter jurisdiction over the claim that Ford violated the subrogation clause. Federal courts have exclusive jurisdiction over civil actions brought by fiduciaries for equitable relief to enforce, or redress violations of, terms of ERISA plans. 29 U.S.C. § 1132(a)(3), (e)(1). Southern Council's allegation that Ford admittedly failed to reimburse it as required by the subrogation clause is a claim that Ford failed to comply with a term of the plan. See Cooper Tire & Rubber Co. v. St. Paul Fire & Marine Ins. Co., 48 F.3d 365, 369 (8th Cir.), cert. denied, 116 S. Ct. 300 (1995). Southern Council sought specific performance of Ford's obligation under the subrogation clause. See Antoine v. United States, 637 F.2d 1177, 1182 (8th Cir. 1981) (specific performance is an equitable remedy).

Because Thompson himself signed the subrogation agreement, we conclude that the complaint also stated an ERISA claim against him for violation of the subrogation clause. In Hotel Employees & Restaurant Employees Int'l Union Welfare Fund v. Gentner, 50 F.3d 719 (9th Cir. 1995) (Lay, J., sitting by designation), the court addressed an attorney's liability under section 1132(a)(3) for distributing settlement proceeds to a client without reimbursing a fund, even though the attorney knew of a subrogation agreement between the client and the fund. Id. at 719-21. Noting that ERISA is silent on the issue, the court turned to state law to fashion an appropriate federal common-law rule and concluded that an attorney who is not a party to a subrogation agreement does not violate a plan provision by failing to reimburse a fund. Id. at 721-22. The court recognized that a subrogation agreement is enforceable against an attorney who agrees with a client and a plan to honor the plan's subrogation right. See id. at 721.

## C.    Pendent Claims

Finally, in light of our conclusion that jurisdiction exists as to the ERISA claims against Ford and Thompson, the district court should not have dismissed the pendent claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Supplemental jurisdiction exists over state-law claims where, as here, "the federal-law claims and state-law claims in the case `derive from a common nucleus of operative fact' and are `such that [Southern Council] would ordinarily be expected to try them all in one judicial proceeding.'" Kansas Public Employees Retirement Sys. v. Reimer & Koger, Assocs., Inc., 77 F.3d 1063, 1067 (8th Cir. 1996) (quoted case omitted). Where original jurisdiction exists, exercise of supplemental jurisdiction over all adequately related

claims is mandatory, absent certain exceptions that are inapplicable here. See McLaurin v. Prater, 30 F.3d 982, 984-85 (8th Cir. 1994).

## III.

The district court's judgment is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.