## MARYLAND ELECTRICAL INDUSTRY HEALTH FUND

v.

## Bryan A. LEVITT, Esquire

## No. S 01–97.

United States District Court, D. Maryland.

Aug. 8, 2001.

---

James T. Kimble, Corey Smith Bott, Abato Rubenstein and Abato PA, Baltimore, MD, for Maryland Electrical Industry Health Fund, by its Trustee, Lawrence A. Tolbert, plaintiffs.

Bryan Andrew Levitt, Law Office, Baltimore, MD, for Bryan A. Levitt, Esquire, defendants.

### MEMORANDUM OPINION

SMALKIN, District Judge.

This matter is before the Court on motions for summary judgment filed by both parties. Although the cross-motions have not been fully briefed under Local Rule 105 of this Court, the parties have completed sufficient briefing on the legal issue presented (there being no facts in dispute) so that each has had the opportunity to make its arguments and respond to the other party's arguments, and further briefing would add nothing of value. No oral hearing is needed. Local Rule 105.6, D. Md.

The facts may be simply stated. This is a declaratory judgment case filed under this Court's federal question jurisdiction, 28 U.S.C. § 1331, in which the plaintiff, an ERISA employee welfare benefit plan, seeks judgment against the attorney who represented one of the Plan's participants in a civil action against a tortfeasor, which resulted in a settlement of $100,000.00. The Plan held a claim, by subrogation, against the tortfeasor in an amount exceeding $250,000.00, for medical benefits provided to the Plan participant, Mr. Tiller. Mr. Tiller was obligated to honor that claim under ERISA by case law, *see, e.g., United McGill Corp. v. Stinnett,* 154 F.3d 168 (4th Cir.1998), and by an express subrogation agreement. Mr. Tiller hired the defendant, Mr. Levitt, an attorney in private practice, to represent him in the underlying lawsuit, which, as noted, eventually settled for $100,000.00. Mr. Levitt was never engaged in any way by the Plan as its attorney. Although Mr. Levitt was

aware of the subrogation claim asserted by the Plan, he forwarded nothing to it out of the settlement proceeds. Instead, he retained a fee of $35,000.00, and he distributed the remaining $65,000.00 to Mr. Tiller and to certain medical care providers.

There is no question that Mr. Levitt was aware of plaintiff's subrogation claim. There is also no question that Mr. Tiller, after the motorcycle accident, signed a subrogation agreement that stated, in part, "I agree that this Agreement irrevocably directs ... [my] attorney to pay the [Health Fund] the entire amount owed to the ... Fund under this Agreement out of any settlement, judgment, or other recovery." There is no indication that Mr. Levitt ever became a party to the subrogation agreement, which, under the common law, is thus *res inter alios* as to him. *See Burkette v. Lutheran General Hospital,* 595 F.2d 255, 256 n. 1 (5th Cir.1979).

■ This case presents a simple issue, of some interest to the Bar, as to which there is a virtual unanimity of authority in other Circuits (but no case law in this Circuit) in favor of the defendant, Mr. Levitt. That issue is, simply: Does an attorney retained by an ERISA plan beneficiary who receives settlement funds (or other funds in recovery) from a third party tortfeasor have any duty *enforceable under ERISA* to account to the ERISA Plan for the proceeds received, to the extent of the Plan's known claim? The answer, as authoritatively established by cases outside the Fourth Circuit, but which the Fourth Circuit would undoubtedly find persuasive, is *no. Southern Council of Industrial Workers v. Ford,* 83 F.3d 966 (8th Cir. 1996); *Hotel Employees and Restaurant Employees International Union Welfare Fund v. Gentner,* 50 F.3d 719 (9th Cir. 1995); *Chapman v. Klemick,* 3 F.3d 1508 (11th Cir.1993), *cert. denied,* 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994);

*Associates in Adolescent Psychiatry v. Home Life Ins. Co.,* 941 F.2d 561 (7th Cir.1991). The agreement of the authorities on this point was noted recently by the Seventh Circuit in *Health Cost Controls of Illinois, Inc. v. Washington,* 187 F.3d 703, 709 (7th Cir.1999), *cert. denied,* 528 U.S. 1136, 120 S.Ct. 979, 145 L.Ed.2d 930 (2000) (noting that an attorney is not a fiduciary owing any duty under ERISA to the plan). The plaintiff has cited no controlling or persuasive authority contrary to the cases cited *ante.*

Had Mr. Levitt signed the subrogation agreement, there would be an ERISA remedy against him for breach thereof, *see Southern Council, supra,* 83 F.3d at 969, but it would not be for breach of fiduciary duty. In any event, the point is academic here, because the subrogation agreement furnished as an exhibit in this case does not bear Mr. Levitt's signature, and the plaintiff has not asserted that he signed any subrogation agreement.

Thus, there being no federal claim that can be asserted under ERISA against Mr. Levitt, the Court concludes, *see Southern Council, etc., supra,* that, in the absence of diversity of citizenship (both parties being citizens of Maryland), this case must be dismissed for lack of federal subject matter jurisdiction, Fed.R.Civ.P. 12(h)(3), and an Order so providing will be entered separately.

■ Although it is possible that statelaw based claims could have been asserted against Mr. Levitt (over which this Court might have exercised its supplemental jurisdiction under 28 U.S.C. § 1367), none was pleaded. Of course, because this dismissal is for want of subject matter jurisdiction, it is without prejudice to any statelaw based claims (*e.g.,* constructive trust) plaintiff might wish to assert in a state court of competent jurisdiction, which would, of course, not be pre-empted by

ERISA, in light of the fact that Mr. Levitt, not being a fiduciary (as explained above) and owing no contractual duty enforceable under ERISA, is not amenable to suit by an ERISA fiduciary under ERISA itself, 29 U.S.C. § 1132. Claims that a party has no standing to bring as an ERISA plaintiff are not preempted by ERISA. *See, e.g., Gardner v. E.I. DuPont De Nemours & Co., Inc.,* 165 F.3d 18 (table), 22 Empl. Benefits Cases 1902, 1998 WL 743669 (4th Cir.1998), *citing with approval Curtis v. Nevada Bonding Corp.,* 53 F.3d 1023, 1027 (9th Cir.1995).

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is, this 8th day of August, 2001, by the Court, ORDERED:

1. That the cross-motions filed by the parties for summary judgment BE, and they hereby ARE, MOOTED;

2. That this case BE, and it hereby IS, DISMISSED without prejudice, for lack of federal subject matter jurisdiction, Fed. R.Civ.P. 12(h)(3), with each party to bear its own costs; and

3. That the Clerk of Court mail copies hereof and of the foregoing Memorandum Opinion to counsel for the parties.