**MID ATLANTIC MEDICAL SERVICES, INC.**
Plaintiff

v.

**Mary DO, Jack D. Lebowitz, and Lebowitz & Mzhen, LLC Defendants**

No. CIV.A. MJG–03–1500.

United States District Court, D. Maryland.

Oct. 7, 2003.

Michelle Ericka Stawinski, Esquire, Bouland and Brush, LLC, Baltimore, MD, and Thomas H. Lawrence, Esquire, Lawrence and Russell, LLP, Memphis, TN, for Plaintiff.

Stanley Alpert, Esquire, Law Offices of Stanley Alpert, PA, Baltimore, MD, and John H. Denick, Esquire, John H. Denick & Associates, P.A., Baltimore, MD, for Defendant, Mary Do; J. Paul Mullen, Esquire, Jennifer S. Lubinski, Esquire, Lord and Whip, PA, Baltimore, MD, and Michael Patrick Smith, Esquire, Salsbury Clements Bekman Marder and Adkins LLC, Baltimore, MD, for Defendants, Jack D. Lebowitz and Lebowitz & Mzhen, LLC.

GARBIS, District Judge.

The Court has before it Defendant Mary Do's Motion to Dismiss Plaintiff's Verified Complaint, Defendants Jack D. Lebowitz and Lebowitz & Mzhen, LLC's Motion to Dismiss the Verified Complaint, Plaintiff's Motion for Summary Judgment, and the materials submitted by the parties related thereto. The Court finds a hearing unnecessary.

## I. BACKGROUND

At all times relevant hereto Ms. Mary Do ("Ms.Do") was a Covered Person under the Optimum Choice Health Plan ("the Plan" or "OCI"), of which Plaintiff Mid Atlantic Medical Services ("Plaintiff" or "MAMSI") is a fiduciary and administrator.

On July 18, 2002, Ms. Do, while a passenger in a vehicle driven by Elliott Knowles ("Knowles"), was injured in a collision with a car driven by Darnell Williams ("Williams"), an uninsured motorist. Ms. Do was injured in the accident and required substantial medical services. The Plan, pursuant to its provisions, paid $62,053 of the medical expenses incurred by Ms. Do.

Shortly after the accident, Ms. Do retained Jack D. Lebowitz ("Lebowitz") and Lebowitz & Mzhen, LLC ("the Firm") (collectively, "Counsel") to seek a recovery for her pursuant to a contingent fee contract. Counsel were able to recover a total of $100,000, consisting of $50,000 from each of Deborah Knowles' (the car owner) insurer (Allstate) and Vui Do's insurer (GEICO).[1] There was no documentation indicating any allocation of the insurers' payments between medical expenses and other types of recovery such as pain and suffering.

Counsel received the $100,000 total recovery, kept $33,326 as the contingent fee, disbursed $33,334 to Ms. Do and placed $33,340 in an escrow account.[2]

In the instant case, MAMSI seeks to recover the $62,053 paid on behalf of Ms. Do. MAMSI asserts claims based on:

1. The terms of the Plan.

---

1. Apparently, Ms. Do is an insured under the GEICO policy.

2. This amount has been paid to the Clerk of Court pursuant to the Order of May 23, 2003.

2. Counsel's alleged conversion of the settlement proceeds.

3. Counsel's alleged tortious interference with contractual relations.

By the instant motions, Ms. Do and Counsel seek dismissal of all claims while MAMSI seeks summary judgement on all claims.

## II. *PROCEDURAL POSTURE*

### A. *Dismissal Standard*

The Court must deny a Motion to Dismiss under Rule 12(b)(6) unless it "appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "The question is whether in the light most favorable to the Plaintiff, and with every doubt resolved in his behalf, the Complaint states any valid claim for relief." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 336. The Court, when deciding a motion to dismiss, must consider the well-pled allegations in a complaint as true and must construe those allegations in favor of the Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421–2, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969). The Court must further disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir.1969).

### B. *Summary Judgement Standard*

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The well-established principles pertinent to such motions can be distilled to a simple statement. The Court may look at the evidence presented in regard to the motion for summary judgment through the non-movant's rose colored glasses, but must view it realistically. After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law. *See, E.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Shealy v. Winston,* 929 F.2d 1009, 1012 (4th Cir. 1991).

## III. *DISCUSSION*

### A. *Enforcement of the Plan*

The Plan provides in the Acts of Third Parties Provision [3] ("the Provision"):

If a Member is injured ... through the act or omission of a third party, OCI shall provide ... benefits.... However, with respect to such benefits, if the injured ... Member is entitled to recovery from (sic) such injury ... from any third party, such Member must comply with the following:

1. If the Member receives payment from a third party for medical expenses ... of an amount up to or greater than the [benefit paid by] OCI, the Member shall reimburse OCI up to the [amount of] benefits covered by OCI. Such reimbursement must be made immediately upon collection of damages by the Member,

---

3. Complaint ¶ 12. The excerpted text (hereinafter, the "provision") is not disputed by the parties.

but shall be net of reasonable attorney fees sustained and court costs by the Member prorated to reflect that portion of the member's total recovery which is due OCI. OCI will not assume any litigation expenses.

2. Provide OCI with a lien against any third party recovery up to the extent of the... benefits covered by OCI.

The Member shall, upon request, execute and deliver such instruments and papers as may be required and do whatever is necessary and reasonable to carry out this provision. Any member who fails to comply with this provision must pay the cost of the services rendered. The Member shall do nothing to prejudice OCI's rights under this provision, either before or after the need for benefits...

### 1. *Claims Against Ms. Do*

■ MAMSI is suing Defendant Do to enforce the terms of the Plan to which she is a party. ERISA affords this Court jurisdiction over the Plan's claim against Ms. Do, a plan participant. 29 U.S.C. § 1132(a)(3) (2003). Moreover, to the extent that there may be traceable funds subject to a lien enforceable by Plaintiff, the Court would have equitable authority to enforce such a lien. *Great–West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 213, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002).

#### a. *Dismissal*

Ms. Do cannot obtain dismissal of MAMSI's claim against her. The Court has jurisdiction, and MAMSI has pleaded facts that, if proven, would entitle it to relief under the Plan provisions.

---

**4.** Mary Do's Mem. of Law in Supp. of her Opp'n to Pl.'s Mot'n for Summ. J. and Resp.

#### b. *Summary Judgment*

##### 1) *Right to Relief*

■ Ms. Do seeks to avoid summary judgment by finding an ambiguity in the Provision that would present a genuine issue of material fact. The Court finds no such ambiguity.

■ Defendant Do notes, correctly, that "an ambiguous contract is construed against its drafter."[4] Where a contract is sufficiently clear, however, a court's role in construction should be relatively minimal, and a contract should be enforced in light of its plain text. *See EEOC v. Waffle House, Inc.*, 534 U.S. 279, 294, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002). The question presented is whether the Provision is lucid enough to require the plain meaning construction Plaintiffs have espoused.

The principal alleged ambiguity in the Provision lies in the use of the phrase "third party." MAMSI contends that a "third party" is anyone not a party to the Plan, that is, anyone besides OCI and Defendant Do. Defendants assert that the opening words of the Provision—"If a member is injured ... through the act or omission of a third party, OCI shall provide ... benefits"—indicates that the term "third party" refers only to tortfeasors. Defendants' contention is refuted by the fact that the Provision refers to receipt of payment for medical expenses from *a* (not *the* or *said*) third party. Moreover, it would be senseless for the Provision to require reimbursement of medical expenses directly paid by a tortfeasor but not medical expenses paid by an insurer or other party to satisfy a liability of the tortfeasor. *Health Cost Controls of Illinois, Inc. v. Washington*, 1998 WL 483501 (N.D.Ill.1998).

---

to Pl.'s Opp'n to Mot. to Dismiss at 9.

Paragraph Two of the Provision does not suggest a narrow construction of "third party," as Defendants argue. It is true that the second sentence of this paragraph states that a lien "may be filed with the person whose act caused the injury, such person's agent or the court." However, this sentence's language does not impose a limitation on the term "third-party". Rather, it provides for a process that might be used in regard to one type of third-party. Indeed, were the term "third-party" limited to a tortfeasor, Paragraph Two would have referred to "the third-party" in express terms.

In sum, the provision is not ambiguous as to the meaning of the term "third-party" and there is no genuine issue of material facts as to the interpretation of the term. The Provision uses term "third party" to refer to anyone other than the parties to the Plan, that is anyone other than OCI and the Member.

■ Defendants contend that there is a factual question as to the amount to which MAMSI is entitled because the Plan restricts recovery to payment "for medical expenses." Thus, argue the Defendants, there is a fact question as to the portion of the $100,000 total recovery to be considered paid for medical expenses.

■ Where, as here, an injured tort victim obtains a recovery in a manner that does not specify the nature of compensation, it may be presumed that said recovery is intended to cover medical expenses, such as those incurred by Defendant Do and initially paid for by OCI. *Houston v. Kansas Highway Patrol,* 238 Kan. 192, 708 P.2d 533, 539 (1985). *See also* Couch On Insurance 3d § 223:94 (2003). Defendants present no concrete evidence to rebut this presumption. Therefore, the Court concludes that there is no factual issue with regard to the recovery allocation. The sum of $62,053 of the $100,000 of settlement proceeds is allocated to medical ex-

penses and the balance to recovery for other damages.

■ The Defendants argue that, pursuant to what is referred to as the "Make Whole Rule," MAMSI would not be entitled to recovery from Ms. Do unless and until she recovers full compensation for all her injuries. The Make Whole Rule has been applied when reimbursement clauses were ambiguous as to whether they applied to defendants' partial compensation. *Hiney v. Brantner,* 243 F.3d 956, 960 (6th Cir.2001). That is not the case before the Court.

Where the Rule has been recognized, it has been understood to be a "[a]t most . . . a default rule." *Cagle v. Bruner,* 112 F.3d 1510, 1521 (11th Cir.1997). *Great–West Life & Annuity Insurance Co. v. Clingenpeel,* 996 F.Supp. 1353, (1356 W.D. Okla. 1997). In the instant case, the Provision expressly affords Plaintiff reimbursement rights "regardless of whether the Member has been fully compensated." The default Rule would not apply, as the Plan expressly negates its applicability.

The Court notes MAMSI's contention that its lien rights are broader than its reimbursement rights, as they extend to "any third party recovery." If MAMSI is arguing that this means that it can obtain an amount greater than the amount of medical expenses paid, the Court does not agree. If MAMSI is arguing that a lien provided under the Provision could attach to a third party recovery that was not paid for medical expenses, the Court might agree. In the instant case, however, the Court has determined that Ms. Do's recovery of $100,000 includes reimbursement of the $62,052 medical expenses paid by OCI.

2) *Legal Fee Effect*

■ ERISA does not explicitly require, or impliedly suggest, that reimbursement under such plans must be net of reason-

able attorney fees. *United McGill Corp. v. Stinnett,* 154 F.3d 168, 173 (4th Cir. 1998). The Provision at issue, however, provides that: "[The] reimbursement [due from a Member] shall be net of reasonable attorney fees sustained and court costs by the Member prorated to reflect that portion of the Member's total recovery which is due OCI." Accordingly, the amount of reimbursement to which MAMSI is entitled is computed as follows:

| | | |
|---|---|---|
| Medical Expense Recovery: | | $62,053 |
| Less: | Allocable Legal Fee (1/3) | $20,684 |
| | Net MAMSI Recovery: | $41,369 |

■ Plaintiff argues that Ms. Do lost her right to deduct fees and costs from the reimbursement amount, by virtue of the Provision's closing paragraph. This states:

"The Member shall, upon request, execute and deliver such instruments and papers as may be required and do whatever is necessary and reasonable to carry out this provision. Any Member who fails to comply with this provision must pay the cost of services rendered."

MAMSI suggests that Ms. Do failed to comply insofar as she did not deliver "required" papers and because she failed to act in a necessary and reasonable manner. MAMSI does not, however, present evidence establishing any specific papers that Ms. Do failed to deliver in breach of the Provision. Nor is there evidence to establish that Ms. Do acted in an unreasonable manner, inasmuch as she acted solely on advice of counsel and, once the situation was made clear to her, agreed that all undistributed funds were to be held by the Clerk for distribution as the Court may rule. The Court, therefore, concludes that Ms. Do is not required to "pay the cost of services rendered" and, therefore, need

not reach the question of what such "services rendered" would be.

The bottom line is that the Court finds that MAMSI can recover from any traceable funds, a total of $41,369 for medical expenses recovered from the settlement at issue. The Court has jurisdiction to grant equitable relief and direct payment of traceable funds up to the foregoing amount. Thus, MAMSI is entitled to summary judgment with regard to an Order that the Clerk pay MAMSI the $33,340 now held subject to disposition by the Court. This leaves a balance of $8,029 in issue.

MAMSI is not entitled to summary judgment with regard to the balance due of $8,029. Accordingly, MAMSI will be given the opportunity to engage in discovery to ascertain whether it can obtain further equitable relief herein.

### 2. ERISA Claim Against Counsel

■ Lebowitz and the Firm are not party to, nor are they bound by, the Plan.[5] Judge Smalkin of this Court addressed the question of whether "an attorney retained by an ERISA plan beneficiary who receives settlement funds (or other funds in recovery) from a third party tortfeasor [has] any duty enforceable under ERISA to account to the ERISA Plan for the proceeds received, to the extent of the Plan's known claim?" *Maryland Elect. Industry Health Fund v. Levitt,* 155 F.Supp.2d 482, 484 (D.Md.2001). Judge Smalkin held that "[t]he answer, as authoritatively established by cases outside the Fourth Circuit, but which the Fourth Circuit would undoubtedly find persuasive, is no." *Southern Council of Industrial Workers v. Ford,* 83 F.3d 966 (8th Cir. 1996); *Hotel Employees and Restaurant*

---

5. Plaintiff does not appear to contest this point. *See* Pl.'s Resp. to Defs. Lebowitz and Lebowitz & Mzhen, LLC's Mot. to Dismiss and Def. Do's Mot. to Dismiss and Pl.'s Mem. in Supp. of its Cross-mot. for Summ. J. at 3–4.

*Employees International Union Welfare Fund v. Gentner,* 50 F.3d 719 (9th Cir. 1995); *Chapman v. Klemick,* 3 F.3d 1508 (11th Cir.1993), *cert. denied,* 510 U.S. 1165, 114 S.Ct. 1191, 127 L.Ed.2d 541 (1994); *Associates in Adolescent Psychiatry v. Home Life Ins. Co.,* 941 F.2d 561 (7th Cir.1991). *Levitt* 155 F.Supp.2d. at 484.

Accordingly, as Defendants Lebowitz and the Firm have no duties enforceable under the Plan, Plaintiff's claim against Counsel for Enforcement of the Terms of the Plan shall be dismissed.

3. *State Law Claims Against Counsel*

 Counsel contend that Maryland state law claims of Tortious Interference with Contractual Relations (Count III) and Conversion (Count IV) are preempted by ERISA pursuant to 29 U.S.C. § 1144(a). However, as was held in *Levitt,* parties such as Defendants Lebowitz and the Firm, "owing no contractual duty enforceable under ERISA, [are] not amendable to suit by an ERISA fiduciary under ERISA itself." 29 U.S.C. § 1132. "Claims that a party has no standing to bring as an ERISA plaintiff are not preempted by ERISA." *Levitt,* 155 F.Supp.2d at 485 (internal citations omitted). Thus, since MAMSI has no standing to bring an ERISA action against Counsel, it is not barred from pursuing its state law claims against these defendants.

 These state law claims fall within this Court's supplemental jurisdiction under 28 U.S.C. § 1367. Federal jurisdiction over such claims is grounded by a federal claim of sufficient substance arising from the same nucleus of operative facts. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Jurisdiction here is grounded in the ERISA claim against Defendant Do, which is of substance enough to survive Defendant's motion to dismiss, and which concerns many of the same facts—Plaintiff's expenditures, Defendant Do's receipts, and the management of received funds—that are at the crux of the state claims. Supplemental jurisdiction has been acknowledged in similar circumstances. *Levitt,* 155 F.Supp.2d at 484. Section 1367(a) affords jurisdiction notwithstanding the fact that the viable federal and state claims are asserted against different parties. *Godfrey v. Perkin–Elmer Corp.,* 794 F.Supp. 1179 (D.N.H.1992).

Accordingly, MAMSI's state law claims against Defendants Lebowitz and the Firm shall not be dismissed.

## IV. CONCLUSION

For the foregoing reasons:

1. Defendant Mary Do's Motion to Dismiss Plaintiff's Verified Complaint is DENIED.

2. Defendants Jack D. Lebowitz and Lebowitz & Mzhen, LLC's Motion to Dismiss the Verified Complaint is DENIED.

3. Plaintiff's Cross–Motion for Summary Judgment is GRANTED IN PART AND DENIED IN PART.

 a. MAMSI is entitled to summary judgment with regard to the $33,340 being held by the Clerk.

 b. MAMSI is not now entitled to summary judgment as to any other traceable funds that may exist.