**ADMINISTRATIVE COMMITTEE OF THE WAL–MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN, Plaintiff**

v.

**Karla COSSEY, William Cossey, Neil Chamberlain and Bond and Chamberlain Defendants**

**No. 4–03–CV–00609–WRW.**

United States District Court,
E.D. Arkansas,
Western Division.

Oct. 21, 2003.

John M. Russell, Edwin L. Rawson, Lawrence & Russell, LLP, Memphis, TN, for Administrative Committee of the Wal–Mart Stores, Inc. Associates' Health and Welfare Plan, plaintiff.

Neil Chamberlin, Will Bond, Bond & Chamberlin, Jacksonville, AR, for Karla Cossey, defendant.

## SUBSTITUTED OPINION/ORDER

WILSON, District Judge.

### I. Parties

Plaintiff, Administrative Committee of the Wal–Mart Stores, Inc. Associates' Health and Welfare Plan, (Wal–Mart) is a fiduciary under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

Defendant William Cossey is an employee of Wal–Mart. Defendant, Karla Cossey is his wife and is a "Covered Person" under the Plan.

Defendant Neil Chamberlain is the lawyer for Ms. Cossey in a negligence case in Arkansas State Court, filed in connection with injuries she sustained in an auto accident in 2001. Mr. Chamberlain is also counsel for Ms. Cossey in a related case in this Court which alleges, among other things, violations of ERISA and of a fiduciary duty to Defendant Cossey.

Defendant Bond and Chamberlain is a partnership of trial lawyers in Jacksonville, Arkansas, which is part of the Little Rock Metropolitan Area.

### II. Procedural Status:

On July 31, 2003, Wal–Mart petitioned this Court, by Motion and Memorandum of Law, to issue a Temporary Restraining Order (TRO) and Preliminary Injunction (PI) against Defendants (Docket Nos. 3 and 4). Plaintiff brought its action under 29 U.S.C. § 1132(a)(3). I attempted to schedule a hearing the day the motion was received, but Wal–Mart was unable to attend. While it is not my practice to enter TRO's without a hearing, (absent the need for a "quick fix"), I did so in this case. A hearing was scheduled on August 18, 2003.

The Defendants filed a timely written Response to the Motion on August 15, 2003 (Docket No. 12). Oral argument was

held, and exhibits were received. At the end of the hearing, I extended the TRO until Thursday August 21, 2003. Based on the evidence and law, the Temporary Restraining Order is **DISSOLVED** and the Motion for a Preliminary Injunction is **DENIED**.

## III. Background:

In connection with injuries sustained in her accident, Karla Cossey presented the Plan with $69,576.42 in medical claims. (Docket No. 1 Para. 8). To date, the Plan has paid $110.46 and has denied all other payments (TR 23). Wal–Mart states that the Plan is withholding the benefits because Cossey and her attorney refused to sign a Disbursement Agreement. It appears from documents produced at the hearing, that the Wal–Mart is also refusing payment of medical claims for William Cossey and Karla Cossey which are totally unrelated to the accident (PX 1, 2, and 3). Wal–Mart's also refuses to pay these claims because of the refusal to sign the document.

As mentioned earlier, pending in this Court is Case No. 4–02–CV–661 in which Cossey complains of violations of ERISA, as well as violations of a fiduciary duty owed her. In that lawsuit Cossey and her lawyer quarrel with Wal–Mart's requirements that the disbursement agreement, which was provided only after Wal–Mart learned of the state court lawsuit, be signed prior to payment of medical bills. Defendants argue that it is a breach of fiduciary duty to deny health insurance benefits because her lawyer has not signed the disbursement agreement (TR. 29).

Defendant Cossey settled her tort action against the third-party who caused her injuries. Upon learning of the settlement, Plaintiff brings this Motion for an equitable injunction in the form of a lien or constructive trust under 29 U.S.C. § (a)(3), seeking to preserve $69,576.42 until the Plan's right to reimbursement has been determined in the other lawsuit.

Cossey contends that she needs the money to pay her medical providers, which Wal–Mart has refused to pay, and that Wal–Mart has no ripe interest in the money before it pays the claims.

While there are many interesting factual and legal issues that need resolution, the only issue that I decide here, is whether Wal–Mart is entitled under 29 U.S.C. 1132(3)(a) to an equitable constructive trust of these funds. It is that issue only which I decide now. The other issues are for another day.

## IV. Analysis

Plaintiff brings this action under 29 U.S.C. § 1132(a)(3). That portion of the statutory scheme of ERISA has been interpreted by the United States Supreme Court in *Knudson* to allow equitable relief in ERISA actions seeking reimbursement.[1] In *Knudson*, the Court taught that, for a plaintiff to seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, the money or property identified as belonging in *good conscience* to the plaintiff must be clearly be traced to particular funds or property in the defendants possession (emphasis added).

█ Wal–Mart states in its Memorandum of Law " federal courts addressing ERISA reimbursement claims since *Knudson* have squarely ruled that ERISA reimbursement actions are permissible when there is an identifiable res." *Wal–Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco*, 338 F.3d 680 (7th Cir.

1. *Great–West Life & Annuity Ins. Co., v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002).

July 29, 2003). The problem with this assertion is serious. The *Varco* court addressed only the entitlement to subrogation for money that had already been paid. Plaintiff cites five additional district court opinions that have addressed subrogation rights of a plan fiduciary and allowed equitable relief ( Memorandum at 5 and 6)( Docket No. 3). Once again, in all of these cases, the right to subrogation was only for claims already paid. I find that fact crucial. In fact, Counsel for WalMart admitted at oral argument that he was aware of no court that had granted an injunction against funds for claims that had not been paid and that this was the first time such relief had been sought. (TR. 31, lines, 11–35).

■ At first blush, I thought this was an easy matter. Wal-mart had paid claims, a settlement had been made, and a right to subrogate was being thwarted. However, such is not the case. I owned-up at oral argument, that in my early days of private practice, I spent quite a bit of my 4 time handling subrogation matters.[2] Then, as now, the right to subrogate arises when the payment is made.[3]

■ In this case, Wal–Mart has paid $110.42. Yet, it asks me to impose an equitable trust in the amount of $69,576.42. Counsel for the Defendants gently described this as an aggressive tactic.(TR. 28). This is not an action in keeping with the general requirement that for restitution to lie in equity, that an action generally must seek not to impose personal liability on the defendant, but to restore to the possession particular funds or property in the defendants possession.[4]

Further, *Knudson* taught that to obtain equitable reimbursement, a fiduciary must establish that the Committee is rightfully entitled to the money. Wal-mart has not done so here, as the money has not been paid. Wal–Mart has cited numerous post *Knudson* cases in which district courts have entered preliminary injunctions when plaintiff's are seeking reimbursement. However, no authority is cited for the proposition that the Plaintiff has a right to funds it has not paid. I think that would be a step too far.

Defendants' position is that the fiduciary cannot, on the one hand, deny coverage, and at the same time, seek to tie up funds for a reimbursement for funds it has not paid. (TR. 29). The Plan language supports this position.

The Plan's right to reimbursement applies *when the Plan* pays medical benefits, and a judgment, payment, or settlement is made on behalf of the covered person for whom the medical benefits were *paid.*(Docket No. 1).(emphasis added).

I can think of many public policy reasons to support this finding. Importantly, when asked at oral argument what would prevent Wal–Mart form denying every claim involving a potential third-party payer until it was clear whether or not there were funds that you could subrogate against, Wal–Mart's Counsel responded " that's exactly what the plan allows" (TR. 34). I find that this is not the kind of good conscience required by *Knudson* in fact, I find the proposition shocking.

While the parties dispute whether or not it is necessary for me to find irreparable

---

**2.** In those long ago days, I styled myself Subrogatious RexMelvin Belli was being called Tortious Rex at that time.

**3.** *Universal Title Ins. Co. v. U.S.,* 942 F.2d 1311 (8th Cir.1991); *St. Paul Fire & Marine*

*Ins. Co. v. Murray Guard, Inc.,* 343 Ark. 351, 37 S.W.3d 180 (2001).

**4.** *Knudson,* 122 S.Ct. at 714.

harm, I find in this instance, that Wal-Mart will not be irreparably harmed. If the question is simply that I must find a violation of the underlying statute, here, ERISA, I find none. Granting a preliminary injunction is unreasonable.

■ I also address the issue of whether Mr. Chamberlain and his firm are proper parties to this action. I believe this matter is settled the Eighth Circuit. Mr. Chamberlain did not become a plan fiduciary merely by representing the Plaintiff or by having control over settlement proceeds. He clearly has an ethical obligation to his client that does not allow competing allegiances.[5] Neither Mr. Chamberlain, nor his firm, Bond and Chamberlain, are proper parties to his action, so they are dismissed from the action.

---

5. *Southern Council of Industrial Workers v.*   *Ford,* 83 F.3d 966 (8th Cir.1996).